142 N.J. Super. 501 (1976)
362 A.2d 55
ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF GREEN BROOK, CHARLES KAZAR, ZONING OFFICER OF THE TOWNSHIP OF GREEN BROOK, TOWNSHIP OF GREEN BROOK, PLAINTIFFS-RESPONDENTS,
v.
JOSEPH AND VICTORIA DATCHKO, JOHN KRASNER AND ADULT GIFT SHOPPE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 1, 1976.
Decided June 21, 1976.
*504 Before Judges KOLE, ARD and E. GAULKIN.
Mr. Robert E. Levy, attorney for appellants.
Mr. Frank N. Yurasko, attorney for respondents, Zoning Board of Adjustment of the Township of Green Brook and Charles Kazar, Zoning Officer of the Township of Green Brook (Mr. Kenneth R. Rothschild on the brief).
Mr. Harmon Clark, attorney for respondent Township of Green Brook.
The opinion of the court was delivered by KOLE, J.A.D.
Defendant John Krasner leased certain premises in the Township of Green Brook from defendants Joseph and Victoria Datchko. Defendants sought and obtained site plan approval from the planning board for use of the premises as a "retail gift/souvenir store," subject to various conditions, including the approval of certain variances from the zoning ordinance by the board of adjustment (the zoning board) relating to a proposed roof-mounted sign and parking requirements. The variances were later granted by the zoning board. During the course of the variance proceedings Krasner stated that he "buys out overstock merchandise and supplies his store with it. This would *505 be items such as transistor radios * * * stereo tapes, all small item categories." The variances, granted April 11, 1973, were described by the board resolution as being "from the provisions of Sections 801.2-1, 801.2-5, 901.3-3 of the Zoning Ordinance to use a building with a roof sign 32 sq. ft. in size and unsurfaced parking area with parking too close to line, subject to the following conditions: (1) Accessory building be removed; (2) Balance of unpaved parking area will be paved within one year and bond will be posted to insure this."
On May 7, 1973 the building inspector issued a certificate of occupancy for the premises to be used and occupied as a "Gift Shop  per Variance, Apr. 11, 1973." On June 21, 1973 defendant Krasner opened an "Adult Gift Shoppe," commonly known as an adult book store, which sold various sexually oriented books, magazines and devices.
On June 21, 1973 the township notified defendants in writing that the approvals and certificate of occupancy had been predicated on misrepresentations as to the use of the premises and that to "the extent that you may feel that the Certificate of Occupancy * * * authorizes the operating of an adult book store, * * * [it] is hereby withdrawn and cancelled." At or about the same time two stop notices were placed on the premises indicating, among other things, that there was no proper occupancy permit for the existing use.
On June 29, 1973 plaintiffs, the zoning board, the zoning officer (the building inspector) and the township filed a verified complaint charging defendants with having made misrepresentations as to the proposed use of the premises to the planning and zoning boards and contending that the site plan approval, variances and certificate of occupancy were granted based on such misrepresentations. They sought various forms of injunctive and other relief against defendants' continued existing use of the premises, including the voiding of the municipal approvals and certificate of occupancy. A subsequent amended complaint was filed seeking substantially the same type of relief.
*506 As a result of the original verified complaint an order was granted directing defendants to show cause why temporary relief should not be afforded plaintiffs pending a plenary final hearing. After a hearing on this order to show cause the trial judge entered an order of July 16, 1973 enjoining defendants until further order from using the premises "for the sale, display or otherwise dealing of [sic] the merchandise shown in Exhibits P-5 through P-13." The exhibits referred to photographs in evidence of sexually oriented materials being displayed for sale in the shop. The order also granted defendants leave to apply for a short date for plenary trial of the action, and directed plaintiffs to supply defendants with copies of the mentioned exhibits.
Defendants thereafter moved for summary judgment, contending that the proceedings instituted by plaintiffs, entitled as an action in lieu of prerogative writs, could not be maintained by the municipality, the zoning board and the zoning officer. An order denying this motion was entered February 13, 1974.
Proceedings purporting to be in the nature of contempt of the restraining order of July 16, 1973 were then instituted. Following a hearing defendants Krasner and Adult Gift Shoppe were held in contempt of court and fines were levied by an order of February 27, 1974.
After a plenary hearing of the case on the merits before a judge sitting without a jury, a judgment in favor of plaintiffs was entered on June 26, 1974. The judgment was based on the judge's determination that defendants had in fact intentionally falsely misrepresented to the various municipal agencies the use to which the premises would be put. By reason thereof the judgment declared that the planning board's site plan approval, the board of adjustment's grant of the variances, and the issued certificate of occupancy were void. It further directed that the premises be closed immediately unless and until a new site plan approval was obtained from the planning board, required variances were granted by the proper municipal officials, and a new certificate *507 of occupancy was issued by the building inspector. It also permanently enjoined defendant Krasner in any capacity from any use or occupancy of the premises unless and until the foregoing approvals "shall have been fully obtained."[1]
This appeal followed. It encompasses a review of the following: (1) the order of July 16, 1973 granting the temporary restraint; (2) the order of February 13, 1974 denying defendants' motion for summary judgment; (3) the order of February 27, 1974 finding defendants Krasner and Adult Gift Shoppe in contempt of court and an earlier order appointing the attorney for the plaintiffs as special prosecutor in the purported contempt action, and (4) the final judgment on the merits entered June 26, 1974.
We have reviewed the record of all of the proceedings involved in this appeal. We are satisfied that, in the light of applicable law, the findings and conclusions of Judge Gaynor amply support the entry of his order of July 16, 1973 granting temporary relief. We affirm that order substantially for the reasons which he gave in his written opinion of July 2, 1973. We have also concluded that there was sufficient credible evidence to support the findings and conclusions, in view of applicable law, of Judge Diana and the final judgment he entered on June 26, 1974. We affirm that judgment essentially for the reasons given in his oral opinion of June 21, 1974.
We find no merit in defendants' contention that the present action by the township, the zoning board and the zoning officer to vindicate the appropriate enforcement of the township's zoning ordinance may not be maintained merely because it is entitled as a prerogative writ action. Irrespective of that designation, in fact and in legal effect it is a proceeding by the appropriate municipal authorities *508 to rescind approvals given and a certificate of occupancy issued by them induced by fraudulent misrepresentations, and to enjoin the use of the premises in the light of such rescission.[2]
The time has long since passed when the designation of the nature of the action, such as an action in lieu of prerogative writs, determines the substantive right of a plaintiff to obtain relief from the courts on the merit of its claim. See Crescent Pk. Ass'n v. Realty Eq. Corp. of N.Y., 58 N.J. 98, 107-108 (1971). As long as the defendants are apprised of the actual allegations of the complaint and the relief sought, they have sufficient notice to defend and are in no wise prejudiced by the characterization given the action by plaintiffs
The township, the zoning officer and the zoning board have a substantial public interest in preserving the integrity of the zoning ordinance. If, as here, a municipal authority has been induced to grant relief in connection therewith by fraud, it need not stand idly by. It or the municipal governing body may institute an action, such as that in the present case, to rescind the relief so granted and to enjoin what is actually a violation of the zoning ordinance and plan. From defendants' own application to the municipal authorities it is apparent that the present use of the premises would not have been feasible without the approvals of the site plan and the variances. Their misrepresentations denied the municipal agencies of an opportunity to review all of the facts before determining the propriety of the site plan approval, the grant of the variances or the issuance of the certificate of occupancy in the light of proper zoning considerations. Judicial relief by this action is available to these plaintiffs to rectify what may reasonably be considered *509 a substantial impairment of the zoning plan. See Mayor of Alpine Borough v. Brewster, 7 N.J. 42 (1951); Lynch v. Hillsdale, 136 N.J.L. 129, 132 (Sup. Ct. 1947), aff'd o.b. 137 N.J.L. 280 (E. & A. 1948); 2 Rathkopf, The Law of Zoning and Planning (3 ed. 1972) 63-18 to 23. See also, Loechner v. Campoli, 49 N.J. 504, 512 (1967). Compare Dresner v. Carrara, 69 N.J. 237 (1976).
We now turn to the contempt proceedings.
By order of December 20, 1973 defendants were directed to show cause "why the plaintiff should not receive supplemental relief by reason of" defendants' failure to comply with the temporary restraining order of July 10, 1973, "such supplemental relief consisting of" commitment to the county jail of defendants "until they comply with the aforesaid order" and a "fine to be levied upon said defendants * * *, which fine shall not exceed the sum of $50.00 per day, pursuant to the terms of N.J.S.A. 2A:10-5." We note that the order to show cause, although entitled "In the Matter of John Krasner, Joseph and Victoria Datchko and Adult Gift Shoppe charged with contempt of court," did not specify the acts or omissions alleged to have been contumacious as required by R. 1:10-2. Instead, the alleged acts of contempt were stated in the affidavits, served on defendants, upon which the order to show cause was based.
There is no doubt from the record of the hearing following the issuance of the order to show cause that the order of July 10, 1973 was wilfully violated by defendants Krasner and Adult Gift Shoppe. However, we consider the procedure resulting in the contempt order of February 27, 1974 so defective as to require a reversal of that order.
A contempt conviction under R. 1:10-2 may not be predicated on the provisions of this order to show cause. The proceeding under that rule is penal in nature. A defendant charged thereunder must be afforded all of the rights of one charged with a crime except the right to indictment and to trial by jury. This includes the right to have the order to show cause itself specify the acts or omissions *510 alleged to have been contumacious. Moreover, the order to show cause must clearly indicate that it involves a true contempt proceeding and not, as here, supplementary relief to the litigant.
Additionally, as indicated, the order to show cause stated that the supplemental relief sought consisted of commitment to the county jail until there was compliance with the restraining order and a fine not to exceed $50 a day pursuant to N.J.S.A. 2A:10-5. Defendants thus may have been misled as to the relief available and the maximum fine that might be levied in a contempt proceeding under R. 1:10-2. At the end of the hearing the judge imposed fines that it considered to be permitted after guilty findings under that rule. Krasner was fined $1,000 for each act of contempt, or an aggregate of $2,000 for both acts; and, assuming that Adult Gift Shoppe was an entity apart from Krasner, the court imposed a fine of $5,000 for each act of contempt, or a total of $10,000.
From the foregoing it is apparent that the purported contempt proceeding was so violative of the legal restraints applicable thereto that the contempt order of February 27, 1974 must be reversed and the fines levied thereby vacated. See In re Fair Lawn Education Ass'n, 63 N.J. 112 (1973), cert. den. 414 U.S. 855, 94 S.Ct. 155, 38 L.Ed.2d 104 (1973); In re Buehrer, 50 N.J. 501 (1967); In the Matter of The Parsippany-Troy Hills Education Ass'n, 140 N.J. Super. 354 (App. Div., 1975). See also, New Jersey Dept. of Health v. Roselle, 34 N.J. 331, 345 (1961).
We have considered the other contentions of appellants, including the claim of a constitutionally infirm "advance censorship" in violation of the First Amendment. We find them to be without substance.
We note that the final judgment in this case only required the closing of the premises "unless and until a new Site Plan Approval is obtained from the Planning Board, such variances as may be required have been granted * * * and a new Certificate of Occupancy shall have been issued *511 by the Building Inspector * * *." Thus, defendants' rights are fully preserved if they desire to reapply and truthfully state the use to which the premises are to be put so that the appropriate municipal authorities may proceed on the basis of accurate applications and facts.
In summary, we hold that (1) the order of June 16, 1973 granting temporary relief and the final judgment of June 26, 1974 are affirmed; (2) the order of February 27, 1974 holding defendants Krasner and Adult Gift Shoppe in contempt and imposing fines against them is reversed and the fines are vacated. In view of our disposition of the contempt matter, we need not discuss whether the trial judge was correct in appointing plaintiffs' attorney as special prosecutor in connection with the contempt proceedings. See R. 1:10-4.
NOTES
[1] Although the court did not expressly adjudicate the merits of the counterclaim which defendants filed, it is obvious that he intended to dismiss that counterclaim on the merits.
[2] Moreover, as to the township plaintiff, it may be considered a prerogative writ action to review the actions of the zoning board, planning board and the zoning officer alleged to be in violation of their authority.