217 N.J. Super. 215 (1987)
525 A.2d 331
WASHINGTON TOWNSHIP ZONING BOARD OF ADJUSTMENT, PLAINTIFF-APPELLANT,
v.
WASHINGTON TOWNSHIP PLANNING BOARD, MORRIS NOVACK, INDIVIDUALLY AND ROBERT PELIO, INDIVIDUALLY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 25, 1987.
Decided April 15, 1987.
*216 Before Judges DEIGHAN, HAVEY and MUIR, Jr.
*217 Robert C. Holston argued the cause for appellant (Holston, MacDonald, Donnelly and Morgan, attorneys; David W. Morgan on the brief).
S. David Brandt argued the cause for respondents Novack and Pelio (Brandt, Haughey, Penberthy, Lewis & Hyland, attorneys; S. David Brandt and Patrick F. McAndrew on the brief).
Respondent Washington Township Planning Board did not participate in the appeal.
The opinion of the court was delivered by HAVEY, J.A.D.
Plaintiff Washington Township Zoning Board of Adjustment appeals from a dismissal of its action in lieu of prerogative writs against defendants Washington Township Planning Board, Morris Novack and Robert Pelio. In granting defendants summary judgment, Judge DeSimone determined that the zoning board had no standing to institute the suit. He also concluded that the action was time-barred by the 45-day period prescribed by R. 4:69-6. We now affirm.
Defendant-developer Morris Novack proposed to construct a 155,000 square foot shopping center on an 18-acre tract he owned in Washington Township. The tract is zoned predominantly "neighborhood-commercial" (NC) with the exception of two "legs" extending into the high density-residential zone.
Novack applied to the planning board for site plan approval as well as variances (N.J.S.A. 40:55D-70(c)) including a variance permitting individual stores within the NC-zone in excess of 10,000 square feet each. The relevant portion of the Washington Township ordinance (section 82-73), which sets forth the permitted uses, provides that "no single store shall occupy a floor area in excess of 10,000 square feet." Contemporaneous with his planning board application, Novack applied to the zoning board seeking a limited special reasons variance (N.J.S.A. 40:55D-70(d)) for permission to use two "legs" of the tract *218 zoned in the highway density for commercial purposes and for a special reasons variance to "enlarge the permitted uses to include all those allowed within the shopping center."
On September 10, 1985 the planning board approved the site plan "... with [the] requested variances subject to [sic] conditions." Site plan approval was in addition to the planning board's "recommendation to the zoning board of adjustment that they grant a use variance ... [to] allow all the uses [specified in] ... the zoning ordinance."
It is disputed as to the nature and scope of Novack's application before the zoning board. The zoning board argues that Novack applied for a variance to expand the allowable uses in the NC-zone by eliminating the maximum floor square footage of 10,000 square feet. Novack argues that he did not apply to the zoning board for a variance from the 10,000 square foot-limitation; rather his application was to expand the type of uses contemplated in the shopping center. In any event, on September 12, 1985, by a four-to-three vote, the zoning board denied the application.
Subsequent to the zoning board's denial, Novack modified his proposal by removing the two "legs" which were in the high density zone from the proposal. While not entirely clear from the record, the planning board's determination was not memorialized by resolution until December 17, 1985. The resolution, for the first time, expressly referred to Novack's variance "[t]o permit construction of stores in excess of 10,000 square feet." It recited that "[p]reliminary and final site plan approval is hereby granted with requested variances subject to the following conditions". [Emphasis supplied]. A new public notice of decision was published on April 23, 1986 memorializing the planning board's determination.
At its regular meeting on April 10, 1986 the zoning board authorized its attorney to investigate public complaints that Novack was proceeding to construct the shopping center in violation of the zoning board's September 12, 1985 denial. Its *219 attorney submitted a written report advising it that the planning board acted improperly in that Novack's variance application from the floor square footage requirement was for a special reasons variance which could be granted only by the zoning board.
The zoning board thereupon notified the planning board of the "jurisdictional problem" and requested that they rescind their approval. At its regular meeting on May 8, 1986, the zoning board again considered the matter and decided to defer legal action to permit the planning board to "take remedial action on its own volition." At its next meeting on June 12, 1986, the zoning board authorized its attorney to commence suit. A meeting was held between the respective boards on or about June 24, 1986. According to the zoning board's counsel, the respective boards "agreed to disagree" and allow the matter to be adjudicated in court.
On June 30, 1986 the zoning board's prerogative writs action was filed. The gravamen of the complaint was that the planning board's variance approval to allow stores in excess of 10,000 square feet was, in fact, a special reasons variance under N.J.S.A. 40:55D-70(d) and, since the zoning board had the exclusive power to hear and decide such variances, the planning board approval was a usurpation of the zoning board's exclusive statutory powers. The zoning board, by order to show cause and application for a temporary restraint, sought to enjoin the construction of the shopping center pending the return day of the order to show cause. Novack resisted by filing an affidavit stating that, in reliance on the planning board's approval, he had spent considerable sums in architectural, legal and engineering expenses in obtaining approvals and permits from other governmental agencies.
On the return day of the order to show cause and defendant's motion to dismiss, Judge DeSimone, in a comprehensive and thoughtful opinion, concluded that the zoning board had no standing to institute suit to challenge the actions of the planning *220 board, a co-equal municipal agency. The judge also concluded that the zoning board's delay in instituting the action until after the 45-day limit prescribed by R. 4:69-6 barred the zoning board's action.
On appeal, the zoning board contends: (1) the variance granted by the planning board was a special reasons variance; (2) it has the exclusive power to grant or deny such variances; (3) the planning board's actions were "ultra vires"; (4) it had standing to challenge the usurpation of its exclusive statutory power, and (5) Judge DeSimone erred in applying the 45-day time bar under R. 4:69-6.
We agree with Judge DeSimone that in the circumstances present here, the zoning board had no standing to sue. Preliminarily, it may be that the zoning board is entirely correct in arguing that the variance being sought by Novack here is a special reasons variance, rather than a hardship variance. N.J.S.A. 40:55D-70(d) permits the zoning board to grant a variance to allow a departure from zoning regulations to permit "a use or principal structure in a district restricted against such use or principal structure." The application is to construct stores having greater than 10,000 square feet floor area. The zoning ordinance expressly prohibits stores occupying a floor area in excess of 10,000 square feet in the NC-zone. Thus, it is at least arguable that the application sought relief from the use requirements of the ordinance, rather than the bulk requirements as the latter relate to the physical characteristics of the land. See Irving Isko et als. v. Planning Bd. of Tp. of Livingston, et als, 51 N.J. 162, 173-174 (1968).
But the nature of the developers' application is not the issue. The threshold question is whether the zoning board had the power to sue when it perceived the planning board's actions as an ultra vires grant of a special reasons variance.
There is no specific statutory authority for the zoning board to sue. The powers of a zoning board are expressly delineated under N.J.S.A. 40:55D-70 and 76. Those powers do *221 not include the right to enforce provisions of the Municipal Land Use Act, or to sue if provisions of the act are violated. The power to enforce the act and any ordinances adopted thereunder is vested exclusively with the governing body and its administrative offices and officers. N.J.S.A. 40:55D-18. The power to sue for violations is given to "... the proper local authorities of the municipality ..." and to an "interested party", but not to the zoning board or any other quasi judicial agency. See ibid. "Interested party" in "a civil proceeding in any court" means:
[A]ny person, whether residing within or without the municipality, whose right to use, acquire, or enjoy property is or maybe effected by any action taken under this act, or whose rights to use, acquire, or enjoy property under this act, or under any other law of this state or of the United States have been denied, violated or infringed by an action or a failure to act under this act. [N.J.S.A. 40:55D-4].
Clearly, a zoning board is not an "interested party" under the statutory definition.
Judge DeSimone correctly cited a pre-act decision, Zoning Bd. of Adj. of Green Brook v. Datchko, 142 N.J. Super. 501, 508 (App.Div. 1976) which held that a zoning board had standing to sue for the rescission of a variance because of the applicant's fraudulent misrepresentations to the board. We held that the misrepresentations denied the zoning board "... an opportunity to review all of the facts before determining ... the grant of the variances or the issuance of the certificate of occupancy in the light of proper zoning considerations." Ibid. Judge DeSimone also noted our recent decision in Zon. Bd. of Adj. v. Service Elec. Cable T.V., 198 N.J. Super. 370 (App.Div. 1985) where a zoning board instituted a declaratory judgment action claiming that the Board of Public Utility Commissioners had no power to review the zoning board's denial of a variance in view of the adoption of N.J.S.A. 40:55D-17, which provided for appeals to the governing body of a denial of a special reasons variance. Id., at 381. Citing these cases, Judge DeSimone concluded that in special circumstances, the zoning board has *222 the power to sue, notwithstanding the apparent statutory absence of such right.
In Service Electric, the issue of the board's standing was not raised. We need not express our agreement or disagreement with Green Brook, since it is clearly distinguishable. In Green Brook, an applicant misrepresented the facts upon which his application was based to the zoning board, and thus the board sought rescission of the variance. Green Brook, supra, 142 N.J. Super. at 504-506. Here, what the zoning board seeks to protect or vindicate is its statutory right to hear and decide special reasons variances. It is an action instituted by a quasi judicial agency against a sister agency having equal but different statutory powers.
We acknowledge that our State has historically taken a "liberal approach" to the standing issue in land use planning litigation. So. Burlington Cty. N.A.A.C.P. v. Mount Laurel Tp., 92 N.J. 158, 336-337 (1983); Home Builders League of So. Jersey, Inc. v. Tp. of Berlin, 81 N.J. 127, 132-133 (1979); So. Burlington Cty. N.A.A.C.P. v. Tp. of Mt. Laurel, 67 N.J. 151, 159, n. 3, appeal dis., 423 U.S. 808, 96 S.Ct. 18, 46 L.Ed.2d 28 (1975). But we have found no authority to support the view that a quasi judicial agency has standing to sue a co-equal agency simply to protect a jurisdictional power it claims has been undermined.
In Tp. of Dover v. Bd. of Adj. of Tp. of Dover, 158 N.J. Super. 401 (App.Div. 1978), we held that a governing body had standing to sue its zoning board for an asserted intrusion of the governing body's zoning powers. Id., at 405. The zoning board had granted a hardship variance to permit a cluster development in the R-200 residential zone. Ibid. The variance allowed the construction of 162 homes rather than the maximum 94 otherwise prescribed. Id., at 406. We noted the substantial size of the tract in question and the "... strong suggestion of legislation in the board's wholesale application of the limiting schedule *223 of one district to a proposed development in another district." Id., at 413.
We restated the proposition that a zoning board's variance power is intended to accommodate individual situations involving a "specific piece of property." Id., at 412. See N.J.S.A. 40:55-39, now repealed, and N.J.S.A. 40:55D-70. We then reasoned that if, because of the size of the parcel of land involved and the nature of the variance application, the zoning board's action substantially affects the "... essential land use scheme of the entire district itself and perhaps the entire municipality ...", Tp. of Dover, supra, 158 N.J. Super. at 412, the governing body has standing to challenge the zoning board's "arrogation of authority". Id., at 409. Otherwise, so long as the board acts within the ambit of its authority, whether it acts wisely or not, the governing body has no standing to challenge the board's actions. Id., at 408-409.
In the instant case, we are not involved with a "wholesale" invasion of a governing body's paramount legislative powers over the zoning scheme of a municipality. Essentially, what we have is a zoning board's claim that the planning board was wrong in treating an application as a hardship rather than a special reasons variance. Whether a variance from the floor area maximum requirement is a special reason or hardship variance is at least, in view of the standards imposed by the zoning ordinance, a debatable issue. See Irving Isko et als. v. Planning Bd. of Tp. of Livingston, et als, supra, 51 N.J. at 173-174; Cranmer v. Township of Evesham, 162 N.J. Super. 204, 211 (Ch.Div. 1978). Thus, we entirely agree with Judge DeSimone that the planning board's exercise of its quasi judicial power, whether right or wrong, to treat the application as a hardship variance, should be immune from an action at law instituted by the zoning board.
We have no doubt that there are many instances when a zoning board perceives an application before the planning board as being a special reasons, rather than a hardship variance. If *224 a zoning board is permitted to institute a suit in every such instance, the prompt and orderly review of land use applications, envisioned by the act, would essentially grind to a halt. Suits by co-equal agencies simply to vindicate their respective statutory powers will unfairly victimize the developers, particularly when no "interested party" has seen fit to challenge the application. Public funds, of course, will be drawn upon to pay the legal fees of both contestants, even though the public's interest will not necessarily be served by the litigation.
In Bergen County v. Port of N.Y. Authority, et al., 32 N.J. 303 (1960), the Supreme Court held that the parens patriae interest alone of a political subdivision is insufficient to justify its judicial challenge to an exercise of power by another public body. Id., at 311-315. Since in Bergen County there was no claim of usurpation of statutory powers, the holding is obviously not directly applicable here. However, the court's language is instructive:
To permit contests among [governmental bodies] solely to vindicate the right of the public with respect to jurisdictional powers of other public bodies is to invite confusion in government and a diversion of public funds from the purposes for which they were entrusted. The fear is not idle or theoretical. Practical politics being what they are, one can readily foresee lively wrangling among governmental units if each may mount against the other assaults now permissible upon the initiative of the Governor, the Attorney General or a taxpayer or citizen to vindicate the public right. [Id., at 314-315].
It is the "lively wrangling among government units" that convinced Judge DeSimone the zoning board had no standing to institute this suit. We are satisfied that Judge DeSimone was right.
We are also convinced that Judge DeSimone was correct in dismissing the complaint on the alternative ground that it was time-barred under R. 4:69-6. The hardship variance was granted by the planning board on September 10, 1985 and the decision initially published on September 17, 1985. A memorializing resolution was adopted on December 17, 1985 and a second notice was published on April 23, 1986. The zoning *225 board's verified complaint was filed on June 30, 1986, beyond the 45-day appeal period provided for under R. 4:69-6.
R. 4:69-6 is aimed at those who slumber on their rights, Schack v. Trimble, 28 N.J. 40, 49 (1958), and is designed to give an essential measure of repose to actions taken against public bodies. This salutary policy is clearly applicable here. There is ample evidence that the developer relied on the planning board approval and expended substantial sums of money in the extensive revision of architectural and engineering plans during the time the zoning board was deciding whether to institute its suit. As a public body the zoning board should have been particularly sensitive to the time constraints imposed by the rule.
We reject the notion that the time-bar under R. 4:69-6 is inapplicable because the planning board's determination was "ultra vires". The decision appealed from was simply an exercise of quasi judicial power by the planning board. Whether the decision was right or wrong, it was not a clear "ultra vires" act. "[E]ven where an act of a municipal body may be regarded as so `utterly void' as to be subject to collateral attack at any time, a direct review thereof must be `within the time prescribed by law.'" Marini v. Borough of Wanaque, 37 N.J. Super. 32, 40 (App.Div. 1955). Moreover, the zoning board failed to provide Judge DeSimone with any persuasive reason to relax the 45-day time-bar. See R. 4:69-6(c). He was obviously not persuaded that the zoning board's investigation of the planning board's action and its attempt to resolve the matter without litigation was a sufficient basis to relax the rule. In view of the evidence presented that Novack had relied on the approval, one cannot say that Judge DeSimone's determination was incorrect. We do not agree with the zoning board that the issue raises "... an important public rather than a private interest which requires adjudication or clarification." See Schack v. Trimble, supra, 28 N.J. at 48. The controversy involves a single tract of land. The consequences of the suit will involve the private interests of the developer. The fact that the suit was instituted by a public agency seeking to *226 vindicate its statutory powers does not necessarily render the litigation of sufficient public interest to justify relaxation of the rule.
The order of dismissal is affirmed.