**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0920-17T3

MARINA DISTRICT
DEVELOPMENT CO., LLC
t/a BORGATA,

    Plaintiff-Appellant,

v.

MICHAEL TSEYTIN,

    Defendant-Respondent.

_____

        Submitted December 19, 2018 – Decided March 13, 2019

        Before Judges Vernoia and Moynihan.

        On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-2720-12.

        Josiah Knapp, attorney for appellant.

        Respondent has not filed a brief.

PER CURIAM

    Plaintiff Marina District Development Co., LLC t/a Borgata appeals from

the trial court's order denying plaintiff's motion for reconsideration of an order

denying its motion to hold defendant in contempt for failing to appear for a court-ordered supplementary proceedings deposition, R. 4:59-1(f), following the entry of a $202,332.60 judgment, plus costs, against defendant. Plaintiff argues the trial court erred by requiring that plaintiff first file an order to show cause to commence contempt proceedings. Because plaintiff requested that defendant be held in contempt, the trial court correctly ruled such relief is available only if proceedings are instituted by order to show cause;[1] thus, we affirm.

We conduct a de novo review of the applicable Court Rules, according no special deference to the "trial court's interpretation of the law." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Plaintiff, as a judgment-creditor, had the option of taking defendant's deposition or proceeding as provided by Rule 6:7-2. R. 4:59-1. If, as here, the judgment-debtor fails to obey an order for discovery, the judgment-creditor could commence proceedings seeking relief pursuant to Rule 1:10-3 by filing a supported notice of motion. R. 6:7-2(e). The notice of motion must set forth a return date and the relief the judgment-creditor seeks, and include an order:

---

[1] Contempt proceedings can also be commenced by the court upon an order for arrest, an avenue unavailable to a party. R. 1:10-2(a).

(1)  adjudicating that the judgment-debtor has violated the litigant's rights of the judgment-creditor by failing to comply with the order for discovery or information subpoena;

(2)  compelling the judgment-debtor to furnish answers immediately as required by the order for discovery or information subpoena;

(3)  directing that if the judgment-debtor fails to appear in court on the return date or to furnish the required answers, he or she shall be arrested and confined to the county jail until he or she has complied with the order for discovery or information subpoena;

(4)  directing the judgment-debtor, if he or she fails to appear in court on the return date, to pay the judgment-creditor's attorney fees, if any, in connection with the motion to enforce litigant's rights; and

(5)  granting such other relief as may be appropriate.

[Ibid.]

Rule 6:7-2(f) provides an enforcement mechanism:

If the judgment-debtor has failed to appear in court on the return date and the court enters an order to enforce litigant's rights, [the order, in prescribed form] shall state that upon the judgment-debtor's failure, within 10 days of the certified date of mailing or personal service of the order, to comply with the information subpoena or discovery order, the court may issue an arrest warrant.

The Rule pursuant to which such relief is sought, R. 1:10-3, provides, "[n]otwithstanding that an act or omission may also constitute a contempt of

A-0920-17T3

court, a litigant in any action may seek relief by application in the action." The relief available in a <u>Rule</u> 1:10-3 motion – commonly known as a motion to enforce, or in aid of, litigant's rights[2] – is limited in scope "to remediation of the violation of a court order." <u>Burke</u>, 206 N.J. at 371. Neither <u>Rule</u> 6:7-2 nor <u>Rule</u> 1:10-3 provides for contempt as an available form of relief to a litigant seeking to enforce a court's supplementary-proceedings discovery order. The sanctions against a non-compliant judgment-creditor available under <u>Rule</u> 1:10-3 are intended to be coercive. <u>Milne v. Goldenberg</u>, 428 N.J. Super. 184, 198 (App. Div. 2012). Likewise, the express relief provided in a <u>Rule</u> 6:7-2 order is coercive, not punitive, in nature.

Conversely, contempt proceedings are penal. <u>Zoning Bd. of Adjustment v. Datchko</u>, 142 N.J. Super. 501, 509 (App. Div. 1976). Proceedings "to punish for contempt [except for contempt in the court's presence] shall be on notice and instituted only by the court upon an order for arrest or an order to show cause." <u>R.</u> 1:10-2. As we said in <u>Datchko</u>, 142 N.J. Super. at 509-10, a person charged with contempt

> must be afforded all of the rights of one charged with a crime except the right to indictment and to trial by jury. This includes the right to have the order to show cause

---

[2] <u>See</u> <u>Abbott v. Burke</u>, 206 N.J. 332, 359 (2011); <u>see also</u> <u>Manalapan Realty</u>, 140 N.J. at 392.

A-0920-17T3

itself specify the acts or omissions alleged to have been contumacious. Moreover, the order to show cause must clearly indicate that it involves a true contempt proceeding and not, as here, supplementary relief to the litigant.

Although plaintiff could have availed itself of the panoply of remedies available under Rules 6:7-2 and 1:10-3, it chose to seek to hold defendant in contempt.[3] As the trial court noted, contempt proceedings must be initiated by order to show cause. The court, therefore, did not express "its decision based upon a palpably incorrect or irrational basis" or fail to consider or "appreciate the significance of probative, competent evidence" to justify reconsideration of its prior ruling. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Plaintiff's moving papers were not included in the record. In its merits brief, plaintiff states it "filed a [m]otion . . . to hold [defendant] in contempt of court for his failure to attend a court-ordered deposition."

A-0920-17T3