**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4022-21

53-55 E. KINNEY, LLC,
CHESSLETE'S PROPERTY
LLC, and 335 MULBERRY
ASSOCIATES, LLC,

      Plaintiffs-Appellants,

v.

THE CITY OF NEWARK
CENTRAL PLANNING
BOARD,

      Defendant-Respondent.

_____

AC AND J RESTORATION
GROUP CORP.,

      Intervenor-Respondent.

_____

        Submitted December 4, 2023 – Decided December 26, 2023

        Before Judges Marczyk and Chase.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7835-20.

Gaccione Pomaco, PC, attorneys for appellants (Michael J. Piromalli, on the brief).

Post Polak, PA, attorneys for intervenor/respondent AC and J Restoration Group Corp. (David L. Epstein, of counsel and on the brief; Kathryn A. Kopp, on the brief).

PER CURIAM

Plaintiffs 53-55 E. Kinney, LLC, Chesslete's Property LLC, and 335 Mulberry Associates, LLC appeal from the trial court's August 4, 2022 order dismissing plaintiffs' complaint with prejudice. The issue in this appeal involves whether the limitations period under Rule 4:69-6(c) should have been enlarged so plaintiffs could amend their original complaint to name AC and J Restoration Group Corp. ("Intervenor") as defendants. Based on our review of the record and the applicable legal principles, we affirm.

I.

Plaintiffs and intervenor each own several properties in Newark. Plaintiffs own 329 and 335 Mulberry Street, 13 and 15 Scott Street, and 53-55 East Kinney Street. Intervenor owns Block 884, Lots 18, 20, 22 and 24-27; these properties are more commonly known as 333, 337, and 339 Mulberry Street and 17, 19, 21, and 23 Scott Street ("property").

In January 2020, intervenor filed an application for preliminary and final site plan approval ("Development Application") seeking variances related to the development of its property as a nine-story mixed-use building with 1,460 square feet of retail space, 1,290 square feet of community space, ninety-two residential units on the upper floors, and thirteen parking spaces on the ground floor.

On August 17, 2020, the City of Newark Central Planning Board ("Board") held a hearing regarding the development application. At the time of the hearing, intervenor presented testimony of an architect, civil engineer, traffic engineer, and professional planner in support of the application. At the conclusion of the presentation, the Board approved the development application.

The Board adopted a resolution memorializing the approval on September 14, 2020. The notice of the approval was published in the Newark Star Ledger newspaper on October 2, 2020.[1] Forty-five days later, on November 16, 2020, plaintiffs filed a complaint in the Law Division challenging the approval of the development application. However, the complaint did not name intervenor as a defendant. Due to the COVID-19 pandemic, Newark City Hall was closed to

---

[1] The propriety of the notice is not in contention. Both parties agree the notice in the newspaper was valid to start the clock on the time limit under Rule 4:69-6(b)(3).

A-4022-21

the public, and personal service of the complaint upon the Board—the only named defendant—did not occur until January 8, 2021. On January 11, 2021, plaintiffs' counsel transmitted the complaint via email attachment to the Board's attorney and copied intervenor's attorney. The Board answered on January 19, 2021.

From January to September 2021, the action was dormant. In September 2021, intervenor moved to intervene as defendant and to dismiss the complaint with prejudice based on plaintiffs' failure to timely join it as a necessary party. The court granted the application to intervene but denied the motion to dismiss to afford plaintiffs an opportunity to seek additional time to file an amended complaint pursuant Rule 4:69-6(c).

On November 16, 2021, plaintiffs moved to enlarge the forty-five-day time limit under Rule 4:69-6(b)(3) to file an action in lieu of prerogative writs and to amend the complaint to name intervenor as a defendant. On December 9, 2021, intervenor opposed the motion and cross-moved to dismiss the complaint with prejudice.

In July 2022, the trial court held oral argument on these companion motions. At that hearing, plaintiffs agreed intervenor was an indispensable party

A-4022-21

to the action that should have been named.[2]  However, plaintiffs argued the time limit should be extended because the parking issue involved a matter of public importance that would allow enlargement under Rule 4:69-6(c).  Specifically, plaintiffs argued:

> in that context, appealing this approval to the [Board], the plaintiff is attempting to address an important public interest in addition to the fact that my client is a landowner within the area and they have a private interest as well that [is] being affected by this, but certainly it is an important public interest to the community at large.

On August 4, 2022, the court issued a written decision, discussed more fully below, denying plaintiffs' application to enlarge the forty-five-day filing requirement and granting intervenor's motion to dismiss with prejudice.

## II.

---

[2]  Specifically, plaintiffs' attorney stated:

> I don't in any way contest the fact that the case indicates that [intervenor] should have been a necessary indispensable part[y] and should have been initially included in the complaint . . . .  I absolutely understand [d]efendant [i]nterven[o]r's argument there and I take responsibility.  It certainly was our responsibility -- my responsibility to have filed that action to amend either sooner or to have included [d]efendant [i]nterven[o]r on the initial complaint.

5

Plaintiffs reprise the arguments raised before the trial court. More particularly, they primarily contend the trial court erred in failing to extend the time to file an amended complaint pursuant to Rule 4:69-6(c) and Brunetti v. Borough of New Milford, 68 N.J. 576, 586 (1975). Plaintiffs argue the public interest would be harmed because of the disparity between the proposed number of dwelling units and the number of on-site parking spaces and its corresponding impact on the surrounding area given the limited available parking. Plaintiffs further assert Brunetti did not limit the situations where a court can grant an enlargement of time, and relief is justified here because intervenor received notice of the complaint via email shortly after it was served on the Board.

Intervenor counters that the notice of approval for the development application was published on October 2, 2020, and plaintiffs had forty-five days from that date to file an action against intervenor. Intervenor contends plaintiffs' original complaint, which named only the Board, was filed on November 16, 2020, but was deficient because they failed to name intervenor who was the successful applicant and an indispensable party pursuant to Stokes v. Lawrence, 111 N.J. Super. 134, 138 (App. Div. 1970). Plaintiffs did not seek to amend the

complaint until a year later, in response to intervenor's motion to dismiss.[3]

Moreover, intervenor asserts this case did not involve an important constitutional question, an ex parte determination of a legal question by administrative officials, or an important matter of public interest requiring adjudication to warrant expanding the time for plaintiffs to file their amended complaint.

Rule 4:69-6(b)(3) establishes the time period within which a party challenging a planning board's decision to grant a development application must file an action in lieu of prerogative writs. The rule, in pertinent part, provides: "No action in lieu of prerogative writs shall be commenced . . . to review a determination of a planning board . . . after [forty-five] days from the publication of a notice once in the official newspaper of the municipality . . . ." R. 4:69-6(b)(3).

Here, the Board published the notice of approval for intervenor's application on October 2, 2020. Thus, it is not disputed the forty-five-day time period in which plaintiffs could file an action challenging the Board's decision,

---

[3] Intervenor further notes plaintiffs failed to move to name intervenor when intervenor initially moved to intervene in the action and sought to dismiss plaintiffs' complaint. Intervenor also notes plaintiffs failed to provide even informal notice of the action until two months after the forty-five-day time period set forth in Rule 4:69-6(b)(3).

as prescribed by Rule 4:69-6(b)(3), began to run on that date. Plaintiffs also do not dispute intervenor is a necessary and indispensable party to the action challenging the Board's approval of its development application. See Stokes, 111 N.J. Super. at 138 (holding the successful applicant is an indispensable party to an action challenging the grant of a variance). On November 16, 2020, plaintiffs filed their original complaint within the forty-five-day time limitation of Rule 4:69-6(b)(3). However, plaintiffs did not seek to add intervenor, an indispensable party, as a defendant until they moved to enlarge the time limit to name intervenor a year later—on November 16, 2021—well after the forty-five-day window had passed. Accordingly, the trial court was correct in determining plaintiffs failed to name intervenor in a timely manner.

We next address whether the trial court properly denied plaintiffs' application to enlarge the forty-five-day time limit in the "interest of justice" under Rule 4:69-6(c). Rule 4:69-6(c) authorizes a trial court to "enlarge the period of time provided in paragraph (a) . . . of this rule where it is manifest that the interest of justice so requires." The decision "to grant or deny an enlargement involves a sound exercise of judicial discretion, with consideration given both to the potential impact upon the public body and upon the plaintiff." Tri-State Ship Repair & Dry Dock Co. v. City of Perth Amboy, 349 N.J. Super.

418, 424 (App. Div. 2002). Rule 4:69-6(a)'s forty-five-day time limit "is designed to give an essential measure of repose to actions taken against public bodies." Id. at 423 (quoting Wash. Twp. Zoning Bd. v. Wash. Plan. Bd., 217 N.J. Super. 215, 225 (App. Div. 1987)). "Because of the importance of stability and finality to public actions, courts do not routinely grant an enlargement of time to file an action in lieu of prerogative writs." Ibid.

When considering the timeliness of an action in lieu of prerogative writs, a trial court should consider whether the action involves "(1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Ibid. (quoting Borough of Princeton v. Bd. of Chosen Freeholders, 169 N.J. 135, 152 (2001)); see also Brunetti, 68 N.J. at 586.[4]

---

[4]   The Court has noted the "list of exceptions was not intended to be exhaustive[,]" as "the broad language of the enlargement provision belies the suggestion that the intent of the rule is to restrict enlargement to one of those three categories." Hopewell Valley Citizens' Grp., Inc. v. Berwind Prop. Grp. Dev. Co., L.P., 204 N.J. 569, 584 (2011). "[R]elaxation depends on all relevant equitable considerations under the circumstances." Pressler & Verniero, Current N.J. Court Rules, cmt. 7.3 on R. 4:69-6(c) (2024) (citing Hopewell Valley Citizens' Grp., 204 N.J. at 583-84).

9

Here, in addressing the parking issues raised by plaintiffs, in the context of its analysis of Rule 4:69-6(c), the trial court succinctly stated:

> A residential/commercial development project in an urban or suburban community is almost certain to raise issues concerning parking and the number of required spaces. The [p]laintiff has not pointed to any unusual feature of the subject project that would suggest the issues presented as to the parking or any other matter are particularly acute or of uniquely public, as opposed to purely private, concern.

Additionally, the court found that there was no basis to enlarge the forty-five-day filing requirement reasoning this case did not fit into the criteria for relief outlined by the Court in Brunetti, 68 N.J. at 586. Specifically, the trial court noted:

> Although these are not . . . exhaustive criteria, the only basis asserted by the [p]laintiff in this case as a basis for relief is that the application presents a matter of public importance—specifically, the impact of the proposed development on parking in the general area of the property. The [p]laintiff further contends that the [i]ntervenor would not suffer any prejudice as there have been no discovery or other proceedings in this case as of today. It points out that the [i]ntervenor has been aware of the case since January 202[1], and did not seek to intervene until September 2021.
>
> The [c]ourt finds the [p]laintiff has not established basis for the leave sought to extend the time for filing a viable [a]ction in [l]ieu of [p]rerogative [w]rits. Indeed, to grant the relief required in this case would not only countenance a delay of many months in

10

which the [p]laintiff did not take any action to join the [i]ntervenor, but it would render the [forty-five]-day requirement for initiating an action virtually a nullity. There is simply no meaningful distinction presented between this case and virtually every other relatively complex land use application involving parking issues to warrant the granting of the required extension.

Plaintiffs do not advance any persuasive equitable arguments beyond the exceptions referenced in Brunetti to warrant an enlargement of time to name intervenor as a defendant. That plaintiffs timely filed the complaint with respect to the Board, copied intervenor in a subsequent email, and because no discovery had been completed at the time the court dismissed the complaint does not warrant an enlargement in the interest of justice.

We conclude plaintiffs' arguments fall short of establishing a justification in which the interests of justice would require an enlargement of the forty-five-day time limit. Furthermore, the enlargement would further prejudice intervenor. We conclude the exceptions set forth in Brunetti are not implicated under the circumstances of this action, and we affirm substantially for the reasons set forth in the trial court's opinion. We are satisfied the trial court did not abuse its discretion in declining to enlarge the time provided in Rule 4:69-6(a).

To the extent we have not specifically addressed any of plaintiffs' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4022-21