**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2440-24

NEWARK ADAMS
ASSOCIATES, LLC,

      Plaintiff-Appellant,

v.

THE CENTRAL PLANNING
BOARD, CITY OF NEWARK,
THE MUNICIPAL COUNCIL,
CITY OF NEWARK, SUMO
ENTERPRISES, INC.,
UNDERGROUND UTILITIES
CORP., a/k/a UNDERGROUND
UTILITIES, INC., and SUMO
PRIME NEWARK CORP.,
a/k/a SUMO PRIME CORP.,

      Defendants-Respondents.

_____

Submitted March 26, 2026 – Decided June 11, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-1854-23.

Cole Schotz PC, attorneys for appellant (Lauren M. Manduke, Elizabeth A. Carbone, and Amber D. Morrison, of counsel and on the briefs).

Michael A. Armstrong & Associates, LLC, attorneys for respondent City of Newark Municipal Council (Morrison Kent Fairbairn and Cristal Holmes-Bowie, on the brief).

Hill Wallack LLP, attorneys for respondents Sumo Enterprises, Inc., Underground Utilities Corp., and Sumo Prime Newark Corp. (Eric I. Abraham, of counsel and on the brief; Henry T. Chou and Hana Jeong Pak, on the brief).

Daniel F. Becht, attorney for respondent The Central Planning Board, City of Newark, join in the brief of respondents Sumo Enterprises, Inc. and Underground Utilities Corp.

PER CURIAM

This is the third complaint in lieu of prerogative writs and second appeal by plaintiff Newark Adams Associates, LLC, challenging a proposed development at 85-101, and 103 Jackson Street in Newark. The complaint contests defendant the Newark Municipal Council's (Municipal Council) adoption of an ordinance, which included a redevelopment plan. The trial court granted defendants Sumo Enterprises, Inc. (Sumo), Underground Utilities, Corp. (UUC), Sumo Prime Newark Corp. (Sumo Prime) (collectively, developer defendants), the Municipal Council, and the Newark Central Planning Board's

2

(CPB) motions to dismiss plaintiff's complaint under Rule 4:6-2(e) as time-barred. For the following reasons, we affirm.

I.

The parties are familiar with the litigation history; therefore, we set forth only the facts relevant to this appeal. Since 1986, plaintiff has owned Newark Adams Center, a commercial retail shopping center, located at 64-88 Adams Street in the Ironbound District of Newark. UUC owns the property at 85-101 Jackson Street, and Sumo Prime owns the property at 103 Jackson Street. Their properties are used as a combined fifty-five-space surface-level parking lot, which abuts the rear of Newark Adams Center.

In 2004, the Municipal Council adopted amendments to the Amended Jackson-Downing Redevelopment Plan. On September 15, 2004, the Municipal Council adopted Resolution 7RBU-091504, which authorized an Agreement for the Sale of Land and Redevelopment of Jackson-Downing (2004 Agreement). Under this agreement, UUC would purchase the Jackson Street property from Newark for development in accordance with the Jackson-Downing Redevelopment Plan.

On February 4, 2015, the Municipal Council passed Ordinance 6PSF-C, repealing the 2004 Jackson-Downing Redevelopment Plan, along with over 100 other redevelopment plans. Three years later, the Municipal Council authorized

CPB to conduct a preliminary investigation to determine whether the developer defendants' Jackson Street property, among other properties, constituted an area in need of redevelopment. After a public hearing on June 11, 2018, the CPB recommended the parcels included in the proposed Jackson and Ferry Redevelopment Plan (2020 Redevelopment Plan) be designated as an area in need of redevelopment. On December 5, 2018, the Municipal Council adopted Resolution 7R2-D, designating specific areas, including 85-101, and 103 Jackson Street, as a non-condemnation area in need of development.

After reviewing the proposed 2020 Redevelopment Plan in August 2020, the CPB recommended its adoption. This plan identified Jackson Street as one of the affected blocks and stated, "[t]he [2020 Redevelopment] Plan envisions the construction of . . . mixed-use or multi-family residential development" in the Ironbound because of its "strong housing demand," which is "along the Ferry Street commercial corridor and within walking distance of Newark Penn Station."

Due to the COVID-19 pandemic, municipal meetings were held virtually. On November 10, 2020, the Municipal Council published notice in the Star Ledger of the planned adoption of the 2020 Redevelopment Plan, dated April 2020, at its scheduled meeting on November 18, 2020. At the November 18

4                                                                        A-2440-24

meeting, the Municipal Council passed Ordinance 6PSF-G (2020 Ordinance adopting the 2020 Redevelopment Plan) and superseded the prior zoning.

In July 2021, UUC and Sumo Prime applied to the CPB for preliminary and final site plan approval to construct a seven-story commercial and residential building pursuant to the 2020 Redevelopment Plan. The CPB's notice of hearing to property owners, dated November 18, 2021, informed them of the December 6, 2021 virtual meeting concerning developer defendants' application. The agenda for the meeting identified the address as "85-103 Jackson Street," described the site plan as a "[seven]-story mixed-use building with 108 units and [five] retail spaces," and listed the applicant/owner as "[Sumo], [Sumo Prime], and [UUC]." The CPB published notice on November 24, 2021 of the scheduled board hearing.

Plaintiff filed a written objection to the developer defendants' application with the CPB. On January 24, 2022, the CPB held a hearing to review the preliminary and final site applications for the property. During the hearing, multiple members of the public voiced concern regarding traffic, density, and lack of community meetings prior to the application. Additionally, plaintiff's counsel objected to the application, raising issues related to the distance from Ferry Street, the rear setback and its impact on plaintiff's rear fire doors, and the alleged violation of the 2004 Agreement between the developer defendants

5

Newark limiting the development of Jackson Street to a parking garage. After the public hearing, the CPB voted to approve the site plan application. The developer defendants' site plan application was formally approved by resolution on February 7, 2022.

In March 2022, plaintiff filed the first complaint in lieu of prerogative writs in the Chancery Division against UUC, Sumo, and CPB, challenging the CPB's approval of Sumo and UUC's site plan application. The next month, plaintiff filed a second prerogative writs complaint in lieu of prerogative writs against UUC, Sumo, and Newark, seeking to compel Sumo and UUC to construct a five-story garage on their property pursuant to the 2004 Agreement between UUC and Newark, and asserting the 2020 Redevelopment Plan was void. We affirmed the grant of summary judgment in favor of defendants and the dismissal of plaintiff's complaint. Newark Adams Assocs., LLC v. Sumo Enters., Inc., No. A-3685-22 (App. Div. Apr. 9, 2025) (slip op. at 17).

On March 20, 2023, plaintiff filed a third complaint in lieu of prerogative writs, challenging both the public notice and the adoption of the 2020 Redevelopment Plan at the November 18, 2020 council meeting. Plaintiff sought a declaratory judgment asserting the CPB and the Municipal Council lacked jurisdiction under N.J.S.A. 40:49-2; the Local Redevelopment and Housing Law (LRHL), N.J.S.A. 40A:12A-1 to -89; and the Municipal Land Use

Law (MLUL), N.J.S.A. 40:55D-1 to -171. It argued multiple versions of the 2020 Ordinance circulated among the CPB and Municipal Council, rendering it void, as well as arbitrary, capricious, and unreasonable. The complaint also sought to enjoin the construction on Jackson Street.

Plaintiff also asserted claims of civil conspiracy, illegal spot zoning, and contract zoning against all defendants. It alleged ultra vires actions and failures to comply with N.J.S.A. 40:49-2 and N.J.S.A. 40:12A-7(d) against the CPB and Municipal Council.

CPB and the developer defendants answered plaintiff's complaint. The Municipal Council moved to dismiss the complaint pursuant to Rule 4:6-2(e), arguing it was untimely under Rule 4:69-6 and the Municipal Council cannot be named as a party in litigation. The CPB joined in this motion. Subsequently, the developer defendants also moved to dismiss the complaint, contending it was time-barred under Rule 4:69-6(a), and the trial court should not grant an enlargement of time under Rule 4:69-6(c). Plaintiff opposed both motions to dismiss.

The trial court dismissed plaintiff's complaint with prejudice for failure to state a claim under Rule 4:6-2(e). In a detailed written opinion, the court explained plaintiff filed the March 2023 action in lieu of prerogative writs well beyond forty-five days after the 2020 Ordinance passed. Specifically, the 2020

7

Ordinance was adopted on November 18, 2020, and the complaint was filed on March 20, 2023. In doing so, the court rejected plaintiff's argument the Municipal Council's alleged improper notice made the 2020 Ordinance void and thus not subject to the forty-five-day deadline. Rather, Rule 4:69-6(a) applies to procedural and substantive challenges alike and thus applied in this instance.

The court also declined to enlarge the filing deadline. In analyzing the application of Rule 4:69-6(c), the court determined none of the three exceptions recognized in Brunetti v. Borough of New Milford, 68 N.J. 576, 586 (1975) applied. It explained the matter did not involve: "(1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Ibid. (italicization removed).

The court also rejected plaintiff's explanations for the significant delay in filing the complaint. It observed plaintiff's Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, and discovery requests from the prior actions were not initiated until after the forty-five-day period following the adoption of the 2020 Ordinance had already expired. The court found this delay prejudiced defendants, who "operated . . . under the belief the [2020] Redevelopment Plan was valid." Additionally, the court concluded an extension of the filing deadline

A-2440-24

was not justified, as plaintiff was not pursuing a matter of public interest; but rather a private interest related to its own commercial property.

## II.

Plaintiff contends the trial court erred in finding its complaint is governed by Rule 4:69-6(a) and therefore had to be filed within forty-five days of the adoption of the 2020 Redevelopment Plan. It maintains its complaint is not time-barred because it challenges the 2020 Redevelopment Plan on jurisdictional grounds. Alternatively, plaintiff argues even if the forty-five-day deadline applies, the filing period should be enlarged under Rule 4:69-6(c) because its challenge to the 2020 Ordinance serves the public interest.

We review orders granting a motion to dismiss for failure to state a claim under Rule 4:6-2(e) de novo. Pace v. Hamilton Cove, 258 N.J. 82, 95-96 (2024). Accordingly, "we 'owe[] no deference to the trial court's legal conclusions.'" Borough of Caldwell v. Cozzarelli Cirminiello Architects, LLC, 482 N.J. Super. 492, 498 (App. Div. 2025) (alteration in original) (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). Our review is "limited to examining the legal sufficiency of the facts alleged on the face of the complaint." Est. of Campbell v. Woodcliff Health & Rehab. Ctr., 479 N.J. Super. 64, 70-71 (App. Div. 2024) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)).

III.

We first address plaintiff's argument its prerogative writs complaint was timely. Plaintiff renews its contention the 2020 Jackson and Ferry Redevelopment Plan was not properly adopted because the Municipal Council failed to provide adequate notice and could not specify which version of the plan was presented at the first and second public readings, or to the CPB and the Municipal Council for approval. It asserts these procedural deficiencies "strip[ped]" the Municipal Council of jurisdiction, thereby rendering the forty-five-day filing deadline inapplicable.

It is well established an action in lieu of prerogative writs must be filed within "forty-five days 'after the accrual of the right to the review, hearing[,] or relief claimed.'" Hopewell Valley Citizens' Grp., Inc. v. Berwind Prop. Grp. Dev. Co., 204 N.J. 569, 577 (2011) (quoting R. 4:69-6(a)). "The right to review a zoning ordinance . . . begins upon publication of a notice after its adoption on second reading." Gonzalez v. Twp. of W. Windsor, 483 N.J. Super. 600, 621 (App. Div. 2025) (quoting Faulhaber v. Twp. Comm. of Howell, 274 N.J. Super. 83, 90 (Law Div. 1994)); R. 4:69-6(b)(3). The date of final publication of the ordinance triggers the "accrual period" under Rule 4:69-6. Gonzalez, 483 N.J. Super. at 621 (citing In re Ordinance 2354-12 of W. Orange v. Twp. of W. Orange, 223 N.J. 589, 592 (2015)). These Rules are "aimed at those who

10

slumber on their rights." Tri-State Ship Repair & Dry Dock Co. v. City of Perth Amboy, 349 N.J. Super. 418, 423 (App. Div. 2002) (quoting Washington Twp. Zoning Bd. v. Plan. Bd., 217 N.J. Super. 215, 225 (App. Div. 1987)).

Guided by these legal principles, we decline to disturb the trial court's order. Plaintiff does not contend the Municipal Council failed to meet the procedural requirements of N.J.S.A. 40:49-2(a) and N.J.S.A. 40A:12A-7(c). Instead, plaintiff argues the Municipal Council's notice was "defective" because it could not confirm whether the version of the 2020 Redevelopment Plan dated April 2020 or August 2020—which had been circulated—was actually presented to the CPB, the Municipal Council, or made available to the public for inspection.

We are unpersuaded by plaintiff's argument the public notice was "inherently flawed," and this alleged flaw deprived the Municipal Council of jurisdiction to adopt the redevelopment plan, thereby making the forty-five-day statutory deadline inapplicable. The record shows the August 2020 date referenced in the CPB resolution was a typographical error indicating the date the CPB reviewed the redevelopment plan. The CPB resolution, the municipal ordinance, and the cover pages of the redevelopment plan consistently reflect the correct date of April 2020. We discern no material or substantial difference in the 2020 Redevelopment Plan.

 A-2440-24

"Rule 4:69-6 makes no distinction between procedural and substantive challenges and neither have the courts." Southport Dev. Grp., Inc. v. Twp. of Wall, 310 N.J. Super. 548, 554 (App. Div. 1998) (citation reformatted). Here, the forty-five-day period began to run when the Municipal Council published notice in the newspaper on November 10, 2020. Under Rule 4:69-6(b)(3), plaintiff was required to file its complaint no later than December 25, 2020, but failed to do so. Instead, the complaint was filed on March 20, 2023—860 days after the deadline. Accordingly, the trial court properly determined the complaint was untimely.

We conclude the trial court properly exercised its discretion in declining to enlarge the forty-five-day time limitation in the "interests of justice." Borough of Princeton v. Bd. of Chosen Freeholders of Mercer, 169 N.J. 135, 152 (2001). Courts may enlarge the time only "where it is manifest that the interest of justice so requires" under Rule 4:69-6(c). Contrary to plaintiff's assertions, its complaint does not implicate "important public rather than private interests which require adjudication or clarification." Hopewell Valley, 204 N.J. at 579-80 (quoting Brunetti, 68 N.J. at 586). The record shows plaintiff is pursuing a private interest, rather than the public interest it cites—such as concerns about traffic, density, and the ordinance adoption process. Plaintiff's private interest and the significant 860-day delay do not outweigh "the important

policy of repose expressed in the forty-five[-]day [Rule]." Hopewell, 204 N.J. at 580 (quoting Reilly v. Brice, 109 N.J. 555, 559 (1988)).

Therefore, we discern no abuse of discretion by the trial court in dismissing plaintiff's complaint and declining to enlarge the filing timeframe. Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 158-59 (App. Div. 2011). To the extent we have not addressed any of plaintiff's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division