793 A.2d 834 (2002)
349 N.J. Super. 418
TRI-STATE SHIP REPAIR & DRY DOCK CO., Plaintiff-Appellant,
v.
CITY OF PERTH AMBOY, Defendant-Respondent.
Landings at Harborside, Intervenor-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 2001.
Remanded November 8, 2001.
Re-argued March 5, 2002.
Decided March 28, 2002.
*835 William D. Grand, Woodbridge, argued the cause for appellant (Greenbaum, Rowe, Smith, Ravin, Davis & Himmel, attorneys; Mr. Grand of counsel; Mr. Grand and Maja Obradovic, on the brief).
Joseph J. Maraziti, Jr., Short Hills, argued the cause for respondent City of Perth Amboy (Maraziti, Falcon & Healey, attorneys; Mr. Maraziti, of counsel; Brent T. Carney, on the brief).
Richard J. Driver, Roseland, argued the cause for respondent Landings At Harborside (Brach, Eichler, Rosenberg, Silver, Bernstein, Hammer & Gladstone, attorneys; Mr. Driver, of counsel; Mr. Driver and Andrew M. Brewer, on the brief).
Before Judges PRESSLER, WEFING and LESEMANN.
The opinion of the court was delivered by WEFING, J.A.D.
This matter was originally argued before us on September 25, 2001. At oral argument, plaintiff raised the question of whether certain Perth Amboy officials were affected by a vitiating conflict of interest, so as to preclude their consideration of proposed redevelopment plans. After that argument, we requested and received supplemental briefs on that question and issued an opinion dated November 8, 2001, in which we explained our determination to remand the matter to the trial court to determine whether plaintiff had established a prima facie case of such a conflict. The trial court was further directed to consider whether Landings at Harborside (Landings) should be permitted to intervene in this matter. We retained jurisdiction.
The trial court conducted a remand hearing and concluded that plaintiff had failed to establish a prima facie case of a vitiating conflict of interest; it also ruled that Landings should be permitted to intervene. Pursuant to our retention of jurisdiction, the matter was reargued before us on March 5, 2002 after the remand to the trial court.
The essential facts of the matter were contained in our earlier opinion; we shall not restate them here. The questions presented are whether the trial court erred when it granted summary judgment to the City of Perth Amboy in October 2000, and whether it erred in finding that plaintiff had failed to establish a prima facie case of a vitiating conflict of interest. No party challenges on appeal the permission for Landings to intervene. We are satisfied *836 the trial court was correct in both instances and thus affirm.

I
The fundamental question presented is the timeliness of plaintiff's challenge to the redevelopment ordinance. In order to understand the nature of plaintiff's challenge to the summary judgment granted below, we must set forth some additional factual and procedural background not contained in our earlier opinion.
In November 1995, plaintiff signed a contract to purchase the property from the prior owner, Perth Amboy Dry Dock and, in 1996, it began to operate the facility under a lease while the parties worked out the necessary details to close title, including a number of environmental issues. Plaintiff remained in possession under that lease for nearly two years and finally took title on December 17, 1998. After taking title, plaintiff spent substantial sums to modernize and rejuvenate the shipyard.
Beginning in 1996, after plaintiff signed its contract to buy the property, Perth Amboy began to investigate ways in which it could redevelop and revitalize itself. In September 1996, the City Council authorized the Perth Amboy Planning Board to investigate the possibility of redeveloping certain areas under the Redevelopment and Housing Law, N.J.S.A. 40A:12A-1 to -49. On April 18, 1997, after a series of public hearings, the Planning Board, acting pursuant to that authority, passed a resolution recommending that the City adopt a redevelopment plan captioned "Focus 2000." In May 1997, the City adopted an appropriate ordinance to that effect.
"Focus 2000" delineated three areas within Perth Amboy as areas in need of redevelopment; plaintiff's property is located within one of those areas known as East Area 2. On November 12, 1999, nearly two and one-half years after the plan was adopted, and nearly a year after it took title to the property, plaintiff filed its complaint in lieu of prerogative writs challenging its inclusion within East Area 2. Its complaint contained four counts. It contended that the plan adopted by Perth Amboy did not comply with certain provisions of the redevelopment statute, that it was void for vagueness, and that the actions of the City in adopting the plan and an accompanying condemnation ordinance were arbitrary and capricious; it also sought a declaration that the City was precluded from any further attempts to condemn the subject property.
Initially, the City, rather than answering the complaint, filed a motion to dismiss, arguing that the complaint was filed beyond the 45-day limitation period provided in R. 4:69-6(a). The judge to whom the motion was assigned determined that in light of the public interest involved, the time period should be enlarged, R. 4:69-6(c), and denied the motion. The City thereafter filed its answer and promptly filed a motion for summary judgment. The City argued in its motion that the appropriate measure was not the 45-day time frame of the rule governing actions in lieu of prerogative writs which can be enlarged to prevent manifest injustice, R. 4:69-6(c), but rather the 45-day period provided in N.J.S.A. 40A:12A-6(6), which contains no analogous provision for enlargement.
This motion was eventually heard by a judge other than the judge who had ruled on the City's first motion. After reviewing the briefs and hearing oral argument, the second trial judge decided that plaintiff's complaint was untimely and granted the City's motion for summary judgment.
We note at the outset that we disagree with the position posited by the City, that N.J.S.A. 40A:12A-6(6) contains a non-extendable *837 deadline. In our view, that assertion disregards the language of the statute, which affords a party 45 days to object to a determination under the redevelopment statute "by procedure in lieu of prerogative writ." That statutory reference, in our judgment, is a clear indication that the Legislature envisioned a procedure in accordance with R. 4:69.
As we view the matter, the question is whether plaintiff did, indeed, demonstrate that it was "manifest that the interest of justice ... require[d]" an extension of time under R. 4:69-6(c). In our judgment, plaintiff clearly failed in that regard.
The New Jersey Supreme Court has recently restated the considerations that are generally applied when a court is asked to consider the timeliness of a challenge in lieu of prerogative writs:
This Court previously has defined three general categories of cases that qualify for the "interest of justice" exception: cases involving (1) "important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification."
[Borough of Princeton v. Bd. of Chosen Freeholders, 169 N.J. 135, 152, 777 A.2d 19 (2001), (quoting Brunetti v. Borough of New Milford, 68 N.J. 576, 586, 350 A.2d 19 (1975)).]
The 45-day time frame contained within R. 4:69-6 "is designed to give an essential measure of repose to actions taken against public bodies." Washington Tp. Zon. Brd. v. Planning Brd., 217 N.J.Super. 215, 225, 525 A.2d 331(App.Div.), certif. denied 108 N.J. 218, 528 A.2d 36 (1987). It is "aimed at those who slumber on their rights." Ibid. Because of the importance of stability and finality to public actions, courts do not routinely grant an enlargement of time to file an action in lieu of prerogative writs. County of Ocean v. Zekaria Realty, 271 N.J.Super. 280, 638 A.2d 859 (App.Div.), cert. denied, 513 U.S. 1000, 115 S.Ct. 510, 130 L. Ed.2d 417 (1994) (property owner's lack of diligence precluded it from challenging an improper exaction of an easement); DeHart v. Bambrick, 177 N.J.Super. 541, 427 A.2d 113 (App.Div.1981) (action to compel Clerk of Superior Court to enter judgment of foreclosure untimely when commenced 78 days after refusal). Whether to grant or deny an enlargement involves a sound exercise of judicial discretion, with consideration given both to the potential impact upon the public body and upon the plaintiff. Southport Dev. Group v. Wall Township, 310 N.J.Super. 548, 556, 709 A.2d 226 (App.Div.), certif. denied, 156 N.J. 384, 718 A.2d 1213 (1998). The longer a party waits to mount its challenge, the less it may be entitled to an enlargement. Ibid. Finally, courts should also consider the length of the delay and the reason proffered for that delay.
We do not, from our review of the record, see any novel or constitutional questions presented. The municipal power to proceed under the redevelopment statute can hardly be doubted at this juncture; indeed it is imbedded in our Constitution. N.J. Const. (1948), Art. VIII, § 3, ¶ 1. We note, moreover, that from the outset, plaintiff's position has been that its property should not be included within the redevelopment area because it is operating an apparently viable business. In such a posture, it is clear to us that it is seeking to vindicate a private, not a public, interest. The viability of plaintiff's own business, moreover, is not a bar to it being included within the redevelopment area. Forbes v. Bd. of Trustees, 312 N.J.Super. 519, 712 A.2d 255 (App.Div.), certif. denied, 156 N.J. 411, 719 A.2d 642 (1998);
*838 N.J.S.A. 40A:12A-3. Finally, we are not asked to deal with the consequences of alleged informal or ex parte actions. All of the steps taken by the City in its efforts to further its goal of redevelopment and revitalization have been taken at public meetings and in apparent compliance with statutory requirements. And, to the extent plaintiff's complaint challenged the City's exercise of the power of eminent domain over its property, the challenge was premature, the City having withdrawn the ordinance which authorized such a step.
The record is silent as to the nature of the relationship which existed between this plaintiff and its predecessor in title. The record is clear, however, that plaintiff's predecessor was fully aware of the proposed redevelopment project and even communicated with the City about it prior to its adoption. We have no way of knowing whether plaintiff's apparent decision to invest substantial sums in this site after acquiring title was due to ignorance, misunderstanding or otherwise. Plaintiff was invited at several junctures by the trial court to provide an explanation for its inaction, but none was proffered. In such a posture, we can conclude only that this challenge to its inclusion within the component of Focus 2000 known as East Area 2 comes too late.

II
We turn now to the question of conflict. According to plaintiff, certain members of the Perth Amboy City Council stood to benefit from the manner in which the lines of the proposed redevelopment area were drawn. Although none lived within the area, several had property adjacent to the area and might stand to benefit in the future. Plaintiff also noted that the mayor and the mayor's father also owned property in close proximity with the redevelopment area.
Although plaintiff had made no such allegation in its complaint and had not raised the issue either before the trial court or in its brief to us, we remanded the matter to the trial court to permit plaintiff to create a record to demonstrate the existence of a conflict of interest that would have tainted the City's efforts. Certainly, if plaintiff were able to establish a prima facie case of such a conflict of interest, it could argue that it was seeking to vindicate the public interest, rather than its own private interest. That could, in turn, have an effect in analyzing whether plaintiff had demonstrated that the "interest of justice" called for an enlargement of the 45-day deadline established in R. 4:69-6.
The parties briefed the issue and argued orally before the trial court which thereafter placed a comprehensive oral opinion on the record, setting forth in detail its reasons for concluding that plaintiff had failed to demonstrate such a conflict of interest.
Before us, plaintiff contends the trial court erred. We disagree. We note at the outset that plaintiff agreed before the trial court that the borders of the redevelopment area were drawn by the Planning Board, not the governing body. Plaintiff stresses that East Area 2 is not drawn in a rectangular shape but it is apparent from the maps contained in the record that the other redevelopment areas also are not regular in shape. Plaintiff argues that the members of the Perth Amboy Council who lived in proximity to East Area 2 could have voted upon the other redevelopment areas and that members of the Council who lived in other portions of the city could have voted on East Area 2. We agree with the City, however, that such a splintered approach is antithetical to the uniform redevelopment that the City is attempting.
*839 We have reviewed the record and are satisfied that the trial court correctly analyzed the questions before it. We affirm the conclusion of the trial court that plaintiff failed to establish a prima facie case of a vitiating conflict of interest, substantially for the reasons expressed by Judge James P. Hurley in his oral opinion of December 13, 2001.
The orders under review are affirmed.