**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4808-17T3

GLANZBERG & NELSON
REALTY, a/k/a G&N REALTY,
LLC, d/b/a BREWSTER ARMS,

     Plaintiff-Appellant,

v.

THE BOROUGH OF
BERGENFIELD and THE
BERGENFIELD ECONOMIC
SPECIAL IMPROVEMENT
DISTRICT, INC.,

     Defendants-Respondents.

_____

Submitted February 12, 2019 – Decided April 10, 2019

Before Judges Yannotti and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7401-15.

Muller & Muller, attorneys for appellant (Lynn S. Muller, on the briefs).

John L. Schettino, attorney for respondents.

PER CURIAM

This appeal involves a challenge to the assessment on property that is located in a special improvement district (SID) in the Borough of Bergenfield (Bergenfield). Plaintiff appeals from a May 14, 2018 order dismissing with prejudice its complaint in lieu of prerogative writs, which sought to exclude its property from a 2010 amendment to an ordinance that included plaintiff's property among the properties to be assessed to support the SID. We affirm. Plaintiff's action was time-barred by Rule 4:69-6(a), and otherwise lacks merit because there was no showing that Bergenfield acted arbitrarily, capriciously, or unreasonably.

## I.

Plaintiff Glanzberg & Nelson Realty owns real property in Bergenfield, which is identified as Block 125, Lot 3 on the Borough's tax map (the Property). The Property has two three-story buildings that contain fifty-one rental units. Forty-nine of the units are rented as apartments for residential use and two units, which are located in one of the buildings, are used as professional offices.

In 1997, Bergenfield enacted an ordinance that created a SID. The ordinance was adopted as Ordinance No. 2221 and was codified under sections 69-1 to -12 of the Bergenfield Borough Code (Ordinance 2221). Ordinance 2221 also established the Bergenfield Special Improvement District and a district

management corporation, the Bergenfield Economic Special Improvement District, Inc., to administer the SID in accordance with the Special Improvement District Act (the SID Act), N.J.S.A. 40:56-65 to -89. The ordinance imposed a special assessment to be collected from designated properties within the SID "for the purpose of promoting the economic and general welfare of the [SID] and the municipality." Bergenfield Borough, Code § 69-3.

Ordinance 2221 stated that the assessment was to be imposed on "[a]ll business properties" within the SID. Bergenfield Borough, Code § 69-3(b). It excluded from assessment, properties "that are tax-exempt or are used exclusively for residential purposes[.]" Bergenfield Borough, Code § 69-3(c). When the ordinance was adopted in 1997, it contained a Schedule "A" that listed the properties within the SID that would be assessed. Plaintiff's Property was not originally on Schedule "A."

On February 9, 2010, plaintiff received written notification from the Borough Administrator that the Property had been inadvertently omitted from Schedule "A" and should have been paying a SID assessment. Plaintiff was informed that beginning in 2010, and thereafter, its Property would be assessed. Shortly thereafter in March 2010, Schedule "A" of Ordinance 2221 was amended to include plaintiff's Property and several other properties.

A-4808-17T3

On March 7, 2014, plaintiff filed the complaint in this matter seeking two forms of relief. First, plaintiff sought to be excluded from the SID assessment, and second, it sought to obtain a refund, with interest, of the assessments it had previously paid. The complaint was initially filed in the Tax Court, but that court transferred the matter to the Law Division. The parties then engaged in discovery, and the matter was scheduled for trial on June 16, 2017.

On June 16, 2017, the trial court heard oral arguments from counsel, which included discussions of the exhibits and documents that had been submitted to the court. The court then took the matter under consideration. On May 14, 2018, the trial court issued a written opinion and order dismissing plaintiff's complaint with prejudice.

In its written opinion, the court found that plaintiff had failed to carry its burden to demonstrate that Ordinance 2221 or the 2010 amendment was invalid or arbitrary, capricious, or unreasonable. In that regard, the court found that Ordinance 2221 was enacted in accordance with the authority granted to municipalities by the Legislature pursuant to N.J.S.A. 40:56-65(b)(3) and N.J.S.A. 40:56-66(b). The court also found that Ordinance 2221 included mixed-use properties, such as plaintiff's Property, and only excluded tax-exempt properties or properties that were exclusively used for residential purposes.

A-4808-17T3

The trial court also rejected plaintiff's argument that Ordinance 2221 was procedurally defective because a copy of the ordinance had not been filed with the Division of Local Governmental Services in the Department of Community Affairs. The court reasoned that the Bergenfield Borough Code only required the filing of ordinances creating a "downtown business improvement zone." See Bergenfield Borough, Code § 69-15. The court further found that "there is no notice requirement under the SID Act, N.J.S.A. 40:56-71.2." The court then found that Ordinance 2221 created a SID, and while the SID included a downtown business improvement zone, the SID would still be valid even if the business zone was "stripp[ed]" away.[1]

In addition, the trial court found that Bergenfield had properly amended Ordinance 2221 in 2010 to specifically include plaintiff's Property, as well as other properties, as properties to be assessed. The court also rejected plaintiff's arguments that its Property does not receive any benefit from the improvements funded by the SID assessments. In that regard, the court found "that the benefits

[1] We note that at oral argument before the trial court, counsel for plaintiff apparently conceded that Ordinance 2221 was filed with the Department of Community Affairs. Counsel stated: "Yes. When I drew the ordinance, we did file with Community Affairs." Further, we note that no one has raised an issue concerning plaintiff counsel's preparation of the ordinance, presumably on behalf of Bergenfield. As that issue has not been raised on this appeal, we accordingly do not address that representation issue.

of the Bergenfield SID directly and indirectly impact [the] Property."  The trial court cited and relied on 2nd Roc-Jersey Associates v. Town of Morristown, 158 N.J. 581 (1999), where our Supreme Court held that special assessments must be proportional to the benefits commercial landowners receive but "need not be measured with mathematical precision."  Id. at 596.

Finally, the trial court held that plaintiff's complaint was time-barred by Rule 4:69-6(a).  That rule requires complaints in lieu of prerogative writs to be filed within forty-five days of the governmental action sought to be challenged. R. 4:69-6(a).  Plaintiff was seeking to challenge the inclusion of its Property as a property to be assessed.  Ordinance 2221 was amended to include plaintiff's Property as an assessed property in March 2010.  Plaintiff, however, filed its complaint in March 2014.

## II.

Plaintiff appeals from the May 14, 2018 order dismissing its complaint and makes four main arguments.  It contends that the trial court erred in finding that Ordinance 2221 and its 2010 amendment were valid and enforceable, and that the Property benefitted from the SID assessments.  Plaintiff also argues that it was denied due process when the trial court did not conduct a full evidentiary trial.  Finally, plaintiff asserts that the assessment is improper because it is being

imposed on residential tenants, since plaintiff passes on the assessments as part of the tenants' rents.

All of plaintiff's arguments are time-barred by Rule 4:69-6(a). Moreover, plaintiff's substantive arguments lack merit for the reasons that were detailed in the trial court's comprehensive, twenty-six-page written opinion.

A.    The Time Bar

Rule 4:69-6(a) states: "No action in lieu of prerogative writs shall be commenced later than 45 days after the accrual of the right to the review, hearing or relief claimed[.]" Accord Save Camden Pub. Schs. v. Camden City Bd. of Educ., 454 N.J. Super. 478, 489 (App. Div. 2018) (quoting R. 4:69-6(a)). This rule is "aimed at those who slumber on their rights." Hopewell Valley Citizens' Grp., Inc. v. Berwind Prop. Grp. Dev. Co., 204 N.J. 569, 579 (2011) (quoting Schack v. Trimble, 28 N.J. 40, 49 (1958)).

Rule 4:69-6(a) does not define when actions in lieu of prerogative writs accrue, therefore, questions of accrual are left to substantive law. Harrison Redevelopment Agency v. DeRose, 398 N.J. Super. 361, 401 (App. Div. 2008). Substantive law establishes that a cause of action pursuant to Rule 4:69-6, challenging the actions of a municipal government, accrues on the date the actions are adopted. Concerned Citizens of Princeton, Inc. v. Mayor & Council

of Princeton, 370 N.J. Super. 429, 446-47 (App. Div. 2004). Substantive law also establishes that an action challenging the validity of an amendment to an ordinance must be brought within forty-five days of the amendment's passage. See Leimpeter's Disposal Serv., Inc. v. Mayor & Council of Carteret, 121 N.J. Super. 18, 22 (Law Div. 1972), aff'd in part, rev'd in part on other grounds, 125 N.J. Super. 535 (App. Div. 1973).

Here, plaintiff was notified in February 2010 that the Property would be assessed beginning in tax year 2010. Ordinance 2221 was then amended in March 2010 to include plaintiff's Property as a property subject to a SID assessment. Consequently, the forty-five-day limitation period to challenge that assessment accrued in March 2010. Plaintiff did not file its complaint challenging the assessment until four years later in March 2014.

Significantly, plaintiff is not challenging the amount of the assessment in any year since 2010. Instead, plaintiff is challenging that it has to pay any assessment for the SID. Bergenfield imposed the assessment on the Property when it amended Ordinance 2221 in March 2010. Accordingly, plaintiff's challenge to the imposition of an assessment is time-barred by Rule 4:69-6(a). Plaintiff is also out of time to seek recovery of assessments it has previously paid. Moreover, plaintiff has not presented, and the court does not find, any

reason for enlarging the forty-five-day time limitation. See R. 4:69-6(c); Tri-State Ship Repair & Dry Dock Co. v. City of Perth Amboy, 349 N.J. Super. 418, 423 (App. Div. 2002) (describing the circumstances when the time limitation is relaxed and explaining that "[b]ecause of the importance of stability and finality to public actions, courts do not routinely grant an enlargement of time to file an action in lieu of prerogative writs." (citation omitted)).

B. Plaintiff's Substantive Arguments

Even if we were to reach plaintiff's substantive arguments, we would affirm substantially for the reasons explained by the trial court in its written opinion issued on May 14, 2018. Municipal actions enjoy a presumption of validity. Cona v. Twp. of Washington, 456 N.J. Super. 197, 215 (App. Div. 2018) (quoting State v. Clarksburg Inn, 375 N.J. Super. 624, 632 (App. Div. 2005)). The party seeking to challenge an ordinance has the burden to establish that the ordinance is either invalid, or that it is arbitrary, capricious, or unreasonable. Timber Glen Phase III, LLC v. Twp. of Hamilton, 441 N.J. Super. 514, 523-24 (App. Div. 2015). Here, plaintiff did not carry that burden.

The one new issue that plaintiff raises on this appeal that was not expressly addressed by the trial court is a due process argument. Plaintiff contends that it was denied due process because the trial court did not require Bergenfield to call

witnesses and did not allow counsel for plaintiff to cross-examine those witnesses. Nor did the trial court, according to plaintiff, allow it to call witnesses. We reject this argument for several reasons.

First, the material facts concerning the Rule 4:69-6(a) time limitation were not in dispute. In its complaint, plaintiff acknowledges that Ordinance 2221 was amended in March 2010. The complaint was then filed four years later on March 7, 2014.

Second, plaintiff did not expressly request to call witnesses. The June 16, 2017 transcript establishes that neither party specifically asked the trial court to allow witnesses to testify. Instead, several times while plaintiff's counsel was arguing, he contended that he should be allowed to cross-examine witnesses. In making that argument, however, counsel did not expressly identify what witnesses he sought to cross-examine, nor did he expressly identify a witness he wanted to call. Indeed, after the trial court finished hearing the arguments of counsel, the court stated it would take the matter under consideration and issue a decision later. At that point, neither counsel requested a further hearing or an evidentiary hearing. Given the nature of this prerogative writs proceeding, to preserve a due process argument, plaintiff needed to be clear in requesting an evidentiary hearing. See Kramer v. Bd. of Adjustment, 45 N.J. 268, 289 (1965)

("[T]he record made before the [municipality] is the record upon which the correctness of the [municipality's] action must be determined, and the receipt of testimony before the Superior Court is no substitute for this requirement.").

Finally, on this appeal, plaintiff has not identified any material facts that it could have presented to the trial court. Instead, plaintiff seeks to challenge whether the Property derived any benefit from the SID assessments. We note that plaintiff has failed to provide any evidence in the record that the Property did not derive benefit from the SID assessment. That burden was on plaintiff and plaintiff had three years of discovery to develop and present such evidence. No evidence was included in the record. Instead, the trial court found, based on the evidence presented to it, that plaintiff was within the SID and the improvements to the SID benefitted all properties within the SID, as well as the entire municipality.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4808-17T3