**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0388-19T3

TWO DAUGHTERS, LLC,

     Plaintiff-Appellant,

v.

HARBOUR BAY, LLC,
THE CITY OF MARGATE
PLANNING BOARD and
THE CITY OF MARGATE,

     Defendants-Respondents.

_____

Argued telephonically September 15, 2020 –
Decided October 7, 2020

Before Judges Fisher and Gummer.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0990-18.

Anthony Monzo argued the cause for appellant (Monzo Catanese Hillegass, PC, attorneys; Louis A. DeLollis, on the briefs).

Benjamin Zeltner argued the cause for respondent Harbour Bay, LLC (Levine, Staller, Sklar, Chan & Brown, PA, attorneys; Benjamin Zeltner, on the brief).

Elias T. Manos argued the cause for respondent The City of Margate Planning Board.

John Scott Abbott argued the cause for respondent The City of Margate.

PER CURIAM

Plaintiff Two Daughters, LLC, appeals from a final judgment rejecting its prerogative-writs challenge to defendant City of Margate Planning Board's approval of defendant developer Harbour Bay, LLC's application for variance relief and site-plan approval and to two municipal ordinances adopted by defendant City of Margate. We substantially agree with the comprehensive analysis of Judge Julio L. Mendez and affirm.

Plaintiff is the owner of Sophia's, a restaurant that is across the street from the Harbour Bay property at issue. With structures that have been on the property since the 1960s, the Harbour Bay property is in need of redevelopment. Harbour Bay submitted to the Board an application in which it sought preliminary and final major site plan approval of its redevelopment plan for the property. Harbour Bay proposed to demolish the existing structures on the property and build a mixed-use building occupying the same footprint as the existing building with an approximately 2600-square-foot new addition. That new building would consist of an office, a 149-seat restaurant, and a bait shop

and would be elevated to meet FEMA requirements. Harbour Bay proposed completely rebuilding the existing marina, with a new bulkhead that would help to reduce flooding, a boat fueling station, and a public pedestrian boardwalk. In its application Harbour Bay also sought variance relief pursuant to N.J.S.A. 40:55D-70(c) and a waiver from the submission of a written traffic impact study.

The Board conducted a hearing on Harbour Bay's application on February 22, 2018. During that hearing, the Board heard testimony from Harbour Bay's planning expert, engineer, architect, and traffic-engineer expert, and members of the public.[1] It heard the testimony of the Board's planner and reviewed his report and the report of the City's engineer. No one presented expert testimony opposing the applications or contesting the conclusions of Harbour Bay's expert witnesses. Plaintiff's representatives attended the hearing, but did not testify, present any witnesses, or oppose Harbour Bay's application.

In an eleven-page Decision and Resolution, the Board granted the application, finding that Harbour Bay's proposed project was proper in all

---

[1] Plaintiff cites to the "numerous objectors" who spoke at the hearing as evidence of the adverse impact plaintiff claims this project will have on neighboring properties. In fact, only three members of the public spoke in opposition to the proposal. Two people spoke in favor of it. One business owner expressed concern about how the construction of the project would impact businesses during summer months.

3

respects, would revitalize the bay-front area and advance the City's Master Plan and the purposes of the Waterfront Special District zone in which the property was located, and, as a whole, would advance several zoning purposes, citing N.J.S.A. 50:55D-2. As to the requested variances, the Board concluded, among other things, that they would advance the goals of the Municipal Land Use Law ("MLUL"), N.J.S.A. 40:55D-1 to -163, their benefits would outweigh any detriment, they were justified by physical features and constraints affecting the property, and they would not cause a substantial detriment to the public or impair the intent of the zoning plan and ordinance. The Board set forth specifically its factual conclusions, including conclusions regarding setbacks, signage, parking, and fencing, and its reasons for granting the request to waive the submission of a written traffic-impact study.

When Harbour Bay submitted its application, the Harbour Bay property was located in part in a designated Waterfront Special District and in part in a riparian district, which did not permit restaurant or office uses. According to the Board's zoning officer and planner, the existing boundary line between those districts was created by mistake in 2008 and had the unintentional effect of rendering existing businesses non-conforming. Harbour Bay proposed that the boundary line between the districts be relocated to its prior location, with

existing uses reverting to being conforming uses in the Waterfront Special District. After an investigation by the City, the Board's issuance of a Consistency Report recommending the adoption of an ordinance resetting the boundary line, and the required publication of the proposed ordinance, and having received no opposition, the City adopted Ordinance No. 02-2018 during a public meeting held on February 1, 2018. The ordinance had the effect of moving the district boundary line, impacting approximately forty-two properties.

On October 4, 2018, the City adopted Ordinance No. 24-2018, a comprehensive ordinance that revised in many respects the land use chapter of the City's Code, including a revision regarding parking requirements. The amendment to that section of the Code had the effect of including property located in the Waterfront Special District and riparian zones in the Code's existing on-site parking allowance.[2]

On May 4, 2018, plaintiff filed its complaint in lieu of prerogative writs, challenging each of the Board's decisions regarding the Harbour Bay application and, more than ninety days after the City had adopted it, Ordinance No. 02-2018.

---

[2] It also reduced the required number of parking spaces for restaurants. Plaintiff does not challenge that aspect of the ordinance.

Plaintiff later amended its complaint to include a challenge to Ordinance No. 24-2018. After hearing oral argument, Judge Mendez issued a final order and a twenty-page opinion in which he held that the Board's decisions were not arbitrary, capricious, or unreasonable; upheld the validity of Ordinance Nos. 02-2018 and 24-2018; and found that plaintiff's challenge to Ordinance No. 02-2018 was time barred.

Plaintiff appeals each aspect of the court's decision. Plaintiff argues that the trial court should have found that the Board's decisions were arbitrary, capricious, and unreasonable because Harbour Bay failed to present evidence that a hardship would result if the requested variances were not granted, granting the variances would not cause substantial detriment to the public, or positive criteria for the variances existed. Plaintiff also faults the court for upholding the Board's decision not to require a traffic study. Plaintiff asserts that the trial court erred in deciding that plaintiff's spot-zoning challenge to Ordinance No. 02-2018 was time-barred, Ordinance No. 02-2018 was valid and did not constitute improper spot zoning, and the City's adoption of Ordinance No. 24-2018 was not arbitrary, capricious, or unreasonable.

Courts do not determine the wisdom of a planning board action. Kaufmann v. Planning Bd. for Warren, 110 N.J. 551, 558 (1988). Land-use

A-0388-19T3

decisions "are entrusted to the sound discretion of the municipal boards . . . ." Ibid. Courts defer to decisions of local boards if they are adequately supported by the record, Lang v. Zoning Bd. of Adjustment, 160 N.J. 41, 61 (1999), and if they are not arbitrary, unreasonable, or capricious, Pullen v. Twp. of S. Plainfield Planning Bd., 291 N.J. Super 1, 6 (App. Div. 1996). A party challenging a board's decision must establish that the board's action was arbitrary, unreasonable, or capricious. Price v. Himeji, LLC, 214 N.J. 263, 284 (2013). A board's factual determinations are entitled to "great weight" and should not be disturbed "unless there is insufficient evidence to support them." Rowatti v. Gonchar, 101 N.J. 46, 52 (1985). When reviewing a board decision, a court must consider the issues before the board in their entirety and not focus on the legal sufficiency of one factor standing alone. Kramer v. Bd. of Adjustment, 45 N.J. 268, 287 (1965). For example, a court cannot consider a variance in isolation, but must consider it "in the context of its effect on the development proposal, the neighborhood, and the zoning plan." Pullen, 291 N.J. Super. at 9.

Our role in reviewing zoning ordinances is narrow. Zilinksy v. Zoning Bd. of Adjustment of Verona, 105 N.J. 363, 367 (1987). Courts recognize that because of their familiarity with their communities, local officials "are best

A-0388-19T3

suited to make judgments concerning local zoning ordinances." Pullen, 291 N.J. Super. at 6. Thus, we presume that a governing municipal body's actions are valid. Jayber Inc. v. Mun. Council of W. Orange, 238 N.J. Super. 165, 173 (App. Div. 1990). We defer to its judgment "so long as its decision is supported by the record and is not so arbitrary, unreasonable or capricious as to amount to an abuse of discretion." Ibid. The party challenging the ordinance must overcome its presumption of validity. Riggs v. Long Beach, 109 N.J. 601, 611 (1988). If an ordinance is "debatable, it should be upheld." Ibid.

With the MLUL, our Legislature authorized municipalities to enact and amend zoning ordinances. See N.J.S.A. 40:55D-62(a); see also Riya Finnegan LLC v. Twp. Council of S. Brunswick, 197 N.J. 184, 191 (2007). A municipality may amend a zoning ordinance while a site-plan application is pending; it may amend an ordinance in direct response to a pending application. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378-79 (1995); see also House of Fire Christian Church v. Zoning Bd. of Adjustment of Clifton, 379 N.J. Super. 526, 541-42 (App. Div. 2005). The amendment simply must be consistent with the MLUL. Manalapan, 140 N.J. at 379.

Applying these standards, we find no cause to disturb Judge Mendez's carefully perpended findings, all of which are well supported by the record. We reject plaintiff's contention that the Board made inadequate findings to support its conclusions. To the contrary, after considering the unopposed expert testimony and other evidence presented during its hearing on Harbour Bay's application, the Board issued a detailed resolution spelling out the reasons for its approval of the application, including the request for variances on setbacks, fencing, signage, and parking. We agree with Judge Mendez's conclusion that the Board appropriately contemplated the impact the project would have on the neighboring properties and the zone.

As for the waiver of the traffic study, the court correctly noted that it was within the Board's discretion to determine if it needed a traffic study and reasonably found that the Board acted within its discretion when it determined that a written study was not necessary when the expert who would author that study would be available at the hearing and could be questioned by members of the Board and the public.

We find no reason to disturb Judge Mendez's findings as to the ordinances. Judge Mendez acted within his discretion in finding plaintiff's challenge to Ordinance No. 02-2018 to be time barred by Rule 4:69-6 and in rejecting

plaintiff's attempt to enlarge the time to make that challenge. See Tri-State Ship Repair & Dry Dock Co. v. City of Perth Amboy, 349 N.J. Super. 418, 423-24 (App. Div. 2002). Judge Mendez's determination that Ordinance No. 02-2018 did not constitute impermissible spot zoning was supported by credible evidence in the record regarding its impact on approximately forty-two other properties and the prior erroneous setting of the boundary line. See Riva Ltd. Liab. Co. v. Twp. Council of S. Brunswick, 197 N.J. 184, 187 (2008). His finding that Ordinance No. 24-2018 serves the general welfare of the zone and a legitimate purpose by facilitating redevelopment of dilapidated properties and reducing the number of variances requested also is supported by the record and the law. See Price, 214 N.J. at 284 (recognizing that MLUL "exhibits a preference for municipal land use planning by ordinance rather than by variance").

All of Judge Mendez's findings were supported by sufficient evidence in the record. His findings, and the findings of the Board and the City, are entitled to our deference. We, therefore, affirm substantially for the reasons set forth by Judge Mendez in his well-reasoned and thorough written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0388-19T3