**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4895-18

TANVEER A. HASSAN,

     Plaintiff-Appellant,

v.

BOROUGH OF EMERSON
and EMERSON REDEVELOPERS
URBAN RENEWAL, LLC,

     Defendants-Respondents.

_____

Argued November 16, 2020 – Decided February 10, 2021

Before Judges Messano and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-2577-19.

Tanveer A. Hassan, appellant, argued the cause pro se.

Peter M. Flannery argued the cause for respondent Emerson Redevelopers Urban Renewal, LLC (Bisgaier Hoff, LLC, attorneys; Robert A. Kasuba and Peter M. Flannery, on the brief).

PER CURIAM

Plaintiff, a former tenant[1] of a property included in a redevelopment project (the Project) in the Borough of Emerson (the Borough), appeals from the June 21, 2019 Law Division order dismissing the complaint in lieu of prerogative writs he filed against the Borough. Plaintiff filed the action on March 27, 2019, after the Borough Land Use Board (the Board) adopted a resolution on December 28, 2018, granting site plan approval for the Project to Emerson Redevelopers Urban Renewal, LLC (Emerson Redevelopers).[2] Plaintiff alleged the Board's approval of the Project "was a misuse" of the Local Redevelopment and Housing Law[3] (LRHL), and "nothing more than an egregious act of profiteering of developers[.]" Plaintiff did not include the Board or Emerson Redevelopers as parties. We affirm.

---

[1] At oral argument on this appeal, plaintiff stated he previously operated a restaurant at one of the properties included in the redevelopment area. He did not indicate when he vacated the property.

[2] The Board's resolution described the Project as "a 4-story, 147-unit inclusionary residential development with parking garage, ground floor retail, amenities and other site improvements, including twenty[-]two (22) affordable housing units on site and an additional seven (7) credits off site within the Borough, [which] will provide the Borough with a total of twenty-nine (29) affordable housing credits."

[3] N.J.S.A. 40A:12A-1 to -89.

I

On September 7, 2004, the Borough accepted the findings of its Planning Board and adopted a resolution that designated certain properties[4] in Emerson as being "an area in need of redevelopment," pursuant to the LRHL. On July 8, 2015, the Borough filed a declaratory judgment action, In the Matter of the Application of the Borough of Emerson, County of Bergen, Docket Number BER-L-6300-15, seeking a declaration that the Borough had substantially complied with its obligations under the Supreme Court's Mount Laurel[5] decisions.

On June 27, 2016, the Borough entered into a redevelopment agreement for the Project with Emerson Redevelopers. On December 23, 2016, the Borough published a notice of the Borough council's ordinances adopted on

---

[4]  Relevant to this case, the designated properties included ten lots located on Kinderkamack Road, between Lincoln Boulevard and Linwood Avenue, known as Lots 1, 2, 3, 4, 6.01, 6.02, 7, 8, 9, and 10, Block 419 on the Borough tax map.

[5]  In S. Burlington Cnty. NAACP v. Twp. of Mount Laurel (Mount Laurel I), 67 N.J. 151 (1975) and S. Burlington Cnty. NAACP v. Twp. of Mount Laurel (Mount Laurel II), 92 N.J. 158 (1983), the New Jersey Supreme Court concluded that municipalities must provide a variety of housing choices, including low- and moderate-income housing. In re Declaratory Judgment Actions Filed by Various Muns., 446 N.J. Super. 259, 268-69 (2016).

various dates in 2006, 2010, and 2016, which approved a redevelopment plan to supersede the existing zoning for the designated properties.

On January 17, 2017, the Borough adopted a resolution confirming that the designated properties[6] continued "to qualify as an 'area in need of redevelopment.'" On November 28, 2017, the Borough and the Fair Share Housing Center entered into a settlement agreement in the declaratory judgment action regarding the Borough's Mount Laurel obligations.

Following a hearing on December 10, 2018, the Board approved a site plan application for the Project submitted by Emerson Redevelopers. On December 28, 2018, the Board adopted a twenty-five-page resolution memorializing its site plan approval. On January 4, 2019, the Board published in The Record a notice of the adoption of the resolution. In the declaratory judgment action filed by the Borough, on January 25, 2019, the court awarded the Borough a conditional judgment of compliance and repose.

On March 27, 2019, plaintiff filed the action under review against the Borough alleging the Board "acted in an arbitrary, capricious and unreasonable"

---

[6] The resolution included the same lots in Block 419 as previously designated.

 A-4895-18

manner when it misused the LRHL to allow "an egregious act of profiteering [by] developers."

Although not listed as a party or otherwise served with the complaint, Emerson Redevelopers obtained a copy of plaintiff's complaint and subsequently filed a motion to join the action as an "indispensable party," R. 4:28-1, and to dismiss the complaint. On June 21, 2019, the court granted the motion filed by Emerson Redevelopers to join the matter as an indispensable party and to dismiss plaintiff's complaint with prejudice. The court noted on the order that the reasons for the court's decision were "set forth in the moving papers."

On July 11, 2019, plaintiff filed his notice of appeal, complaining that the trial court granted Emerson Redevelopers' motion for joinder and dismissal without a hearing. On July 12, 2019, the motion court issued a five-page letter opinion "as clarification" of its June 21, 2019 order, pursuant to Rule 2:5-1(b). The court noted that plaintiff "[e]ssentially . . . protests the Borough's adoption of a redevelopment plan for the Central Business District[.]" The court held that the forty-five-day period for plaintiff to file a complaint ended on February 20, 2019, yet plaintiff did not file his action until March 27, 2019.

The court found it significant "that the Borough's designation of the property as an area in need of redevelopment occurred more than fourteen (14)

A-4895-18

years prior to the filing of the complaint." The court explained that it did not hold oral argument because plaintiff's papers "contained no legal basis for opposing the motion"; specifically, plaintiff's opposition "contained no argument as to why [Emerson Redevelopers] should not be permitted to intervene" nor as to why his complaint "was not time-barred." Finding no compelling reason to extend the time for plaintiff to bring his claims, the court dismissed his complaint as time barred.

II

Rule 4:69-6(a) provides that actions in lieu of prerogative writs must be filed within forty-five days after the accrual of the right to the review, hearing, or relief claimed. Specifically, Rule 4:69-6(b)(3) sets forth a period of forty-five days after publication to seek a review of a determination of a planning board or a municipality. Nevertheless, Rule 4:69-6(c) allows for an enlargement of that period "where it is manifest that the interest of justice so requires." Our Supreme Court has identified three categories that qualify under this exception: "(1) important and novel constitutional questions; (2) informal or ex parte determinations of legal questions by administrative officials; and (3) important public rather than private interests which require adjudication or clarification." Borough of Princeton v. Bd. of Chosen Freeholders of Mercer Cty., 169 N.J.

135, 152 (1975) (quoting Brunetti v. Borough of New Milford, 68 N.J. 576, 586 (1975)). Plaintiff's claim falls within none of these exceptions.

Whenever an application is made for an enlargement of time pursuant to Rule 4:69-6(c), a court must weigh the public and private interests that favor an enlargement against "the important policy of repose expressed in the forty-five-day rule." Borough of Princeton, 169 N.J. at 152-53 (quoting Reilly v. Brice, 109 N.J. 555, 559 (1988)).

In Southport Dev. Grp. v. Twp. of Wall, 310 N.J. Super. 548, 554 (App. Div. 1998), we rejected a developer's claim that the forty-five day limitation of Rule 4:69-6(a) should be relaxed to allow the case to proceed notwithstanding the late filing. Id. at 555-57. We held that strict compliance with the forty-five day time bar was warranted "in light of the potential wide-spread impact of untimely challenges to municipal actions taken to achieve Mount Laurel compliance." Id. at 555. We explained, "It is essential to sound municipal planning and budget development that challenges to ordinances implementing Mount Laurel responsibilities be brought on a timely basis." Id. at 555-56. To allow such an untimely challenge in that case would have posed "an unfair risk of turmoil and instability" for the municipality. Id. at 556.

Plaintiff's opposition to Emerson Redevelopers' motion contained no explanation for his failure to file his complaint within forty-five days of the challenged action, nor did he identify any important public interests which require adjudication or clarification. Moreover, while plaintiff's complaint states he "seeks relief" from the Board's resolution granting site plan approval for the Project, a cursory review of his complaint reveals he really seeks to challenge the Borough's designation of the properties included in the Project as an area in need of redevelopment under the LRHL. As the trial court noted, the redevelopment area designation in this case first occurred more than fourteen years before plaintiff filed his complaint.

The decision "to grant or deny an enlargement involves a sound exercise of judicial discretion, with consideration given both to the potential impact upon the public body and upon the plaintiff." Tri-State Ship Repair & Dry Dock Co. v. City of Perth Amboy, 349 N.J. Super. 418, 424 (App. Div. 2002) (citing Southport Dev. Grp., 310 N.J. Super. at 556). The Borough has relied upon the challenged Project to achieve Mount Laurel compliance. Under these circumstances, we are satisfied the trial court did not abuse its discretion by declining to enlarge the time provided in Rule 4:69-6(a).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4895-18