**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3938-21

PAUL SCHORR,

     Plaintiff-Appellant,

v.

THE PLANNING BOARD OF
THE CITY OF TRENTON and
VISTA CENTER
DEVELOPMENT, LLC,

     Defendants-Respondents.

_____

            Submitted December 5, 2023 – Decided January 18, 2024

            Before Judges Whipple and Paganelli.

            On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0711-22.

            Paul Schorr, appellant pro se.

            McGill & Hall LLC, attorneys for respondent The Planning Board of the City of Trenton (George D. McGill, of counsel and on the brief).

Sills Cummis & Gross, PC, attorneys for respondent Vista Center Development, LLC (Mark Evan Duckstein, of counsel and on the brief).

PER CURIAM

Paul Schorr (Schorr) appeals from the June 27, 2022 order dismissing, as untimely, his challenge of the Planning Board of the City of Trenton's (Board) approval of Vista Center Development, LLC, project (Vista or Vista Project). We affirm.

## I.

We glean the facts and procedural history from the motion records. On April 14, 2021, Vista filed an application with the Board for variances and final and preliminary site plan approvals. On August 12, 2021, the Board held a public hearing to consider the Vista Project. The Board heard testimony on behalf of Vista, public comment, and objection from Schorr.

After Vista's presentation, but before the Board's vote, the following interaction transpired on the record:

> [Board Member]: . . . there[ is] some question in some of the correspondence about right to salvage material from the building before it comes down? Is that a consideration of yours . . . ?
>
> [Vista]: Yeah, absolutely. Yeah. Do you want any bannisters or?

[Board Member]: I might just want that iron fence from in front of the building.

[Vista]: Well, it [is] all yours. . . . We[ will] be happy to work with historic preservation. . . .

[Board Attorney]: Okay, we[ will] add that condition.

[Board Member]: Thank you.

[Board Chairperson]: Coordinate through either the Historic Commission or the Landmarks folks with that?

[Vista]: Sure.

The Board voted to approve the application. In a September 23, 2021 resolution, the Board "memorializ[ed] its August 12, 2021 approval of the application . . . ." Included in the resolution was the condition that "[t]he applicant shall make materials from the existing buildings available for salvage." On September 29, 2021, the Times of Trenton published notice of the Board's resolution granting Vista's application.

On November 12, 2021, forty-four days after the Board's notice of publication of the Vista resolution, Schorr filed a "Complaint In Lieu of Prerogative Writs and for Other Relief" (Initial Complaint) against the Board;

Vista; and another developer.[1]  The Initial Complaint alleged the Board's approval was arbitrary, capricious and unreasonable and the Board member's request for the historic fence created a conflict of interest.  Schorr sought reversal of the approvals and a remand "in view of the potential conflict of interest."

In response to the Initial Complaint, Vista filed a motion to dismiss arguing, in part, Schorr, "c[ould ]not challenge two distinct and unrelated project approvals in a single action."  Schorr opposed that part of the motion arguing "that both matters 'involve common questions of law,' and it is in the interest of judicial economy to consider the projects together."

On January 25, 2022, the motion judge heard the parties' oral arguments and, in a written opinion, found "[Schorr's] [c]omplaint improperly join[ed] legal challenges to two separate and distinct claims."  He found joinder was not required under Rule 4:28-1, nor permitted under Rule 4:29-1.  The motion judge noted Schorr "remain[ed] free to bring an action against each project separately[ and he was] not pass[ing] judgment on the merits of . . . [the] [c]omplaint."  The

---

[1]  The other developer is Ajax Holdings II, LLC (Ajax).  Ajax had the same principals and attorneys as Vista, but their projects were separate.

A-3938-21

motion judge entered an order dismissing Schorr's Initial Complaint without prejudice.[2]

On April 20, 2022, Schorr filed a New Complaint against the Board and Vista. On June 6, 2022, Vista filed a motion to dismiss the New Complaint as untimely under Rule 4:69-6(a).

Vista acknowledged "[i]f there w[as] no time left from the original [forty-five] day period in which . . . Schorr had to initiate his claims . . . or even just insufficient time left, . . . Schorr might reasonably assert that he should be afforded a brief period of additional time to . . . re-fil[e] . . . ." However, Vista contended, "[u]nder any measure of days: (1) date of publication of notice, September 29, 2021, to date of filing [N]ew [C]omplaint, April 20, 2022—129 days or (2) date of motion judge's January 25, 2022 order to date of filing new complaint, April 20, 2022—84 days" the [N]ew [C]omplaint was untimely under

---

[2] Schorr's Notice of Appeal does not include the January 25, 2022 order of dismissal. "Therefore th[e] order[ is] not within the scope of his appeal, and we will not address [it]." 30 River Court East Urban Renewal Co. v. Capograsso, 383 N.J. Super. 470, 474 (App. Div. 2006) (citing R. 2:5-1(f)(3)(i); Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 460-62 (App. Div. 2002)). However, we note that Rule 4:30 provides "[m]isjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by the court order on motion by any party or its own motion. Any claim against a party may be reserved or severed and proceeded with separately by court order."

the Rule. Vista argued "under no circumstances would [Schorr] be entitled to more than [forty-five] additional days to do so, and certainly not an additional period of time that is almost double the amount provided by R[ule] 4:69-6(a) . . . ."

Schorr opposed the motion arguing, in part: (1) Vista's calculation of the days for filing was "arbitrary," because as of the motion judge's January 25, 2022 order, the forty-five-day time period had elapsed; and (2) the Board failed to "submit[] any papers in response" to the Initial or New Complaints.

The motion judge heard the parties' oral arguments on June 25, 2022. On June 27, he authored another written opinion. The motion judge found Schorr's:

> complaint . . . violat[ed] . . . Rule 4:69-6(a). On September 29, 2021, . . . Vista's application for land use approvals was published in the Times of Trenton. . . . On November 12, 202[1], forty-four days after notice, [p]laintiff filed his [I]nitial [C]omplaint . . . . This [c]ourt dismissed the same on January 25, 2022. Plaintiff filed [the New Complaint] on April 20, 2022, eighty-four days after his [I]nitial [C]omplaint was dismissed. The [c]ourt d[id] not factor the pendency of the [I]nitial [C]omplaint into its calculations.

Recognizing the "Initial Complaint was filed at the forty-four day mark" the motion judge "under[stood] that [Schorr] would require additional time to submit a new [complaint, but] his understanding [wa]s not limitless." The

6

motion judge found the "additional time" would not be "a protracted period . . . almost twice the amount of time provided under Rule 4:69-6(a)."

Finding "Rule 4:69-6 exists to provide 'stability and finality to public actions,'" the motion judge granted Vista's motion to dismiss with prejudice because the complaint was untimely. The motion judge "dismiss[ed] the complaint in its entirety, notwithstanding the failure of the [Board] to file a responsive pleading." The judge reasoned

> [a] filing out of time is out of time as to all [d]efendants and to leave the complaint open against the public body [Board], or to permit the entry of default against it, would merely require the . . . Board to seek to vacate default and then file a successful motion to dismiss the complaint. That is not a wise use of judicial or public resources.

Here, Schorr argues the motion judge erred: (1) "in determining that [he] did not comply with Rule 4:69-6 when the action commenced on November 12, 2021, forty[-]four . . . days after the notice of decision published on September 28, 2021"; (2) "in dismissing the conflict of interest after sworn statements by [a] board member, 'I might just want that iron fence from in front of the building' and by [Vista], 'Well it[ is] yours'"; and (3) "dismissing the request to permit the entry of default against the . . . Board after stating on the record that they had

7

not filed responsive pleadings." We conclude Schorr's arguments are unavailing.

## II.

This appeal presents issues regarding the application of Rule 4:69-6. "Appellate review of the meaning of the New Jersey Court Rules is de novo." State v. Dickerson, 232 N.J. 2, 17 (2018).

## A.

"The immediate issue before us is whether [Schorr] filed a timely action in lieu of prerogative writs[, Rule 4:69-6,] challenging the validity" of the Board's approval of the Vista project. In re Ordinance 2354-12 of W. Orange, 223 N.J. 589, 596 (2015). Rule 4:69-6(b)(3) provides:

> [n]o action in lieu of prerogative writs shall be commenced . . . to review a determination of a planning board . . . after [forty-five] days from publication of a notice once in the official newspaper of the municipality or a newspaper of general circulation in the municipality . . . .

Schorr argues that he complied with the Rule because he "commenced [an action] within [forty-four] days after publication of the notice of decision." In effect, he avers the timely filing of his Initial Complaint satisfied the Rule's timing requirement, and, thereafter, he was free to file the New Complaint regardless of the timeframe required by the Rule. We disagree.

8

A-3938-21

The Rule is "designed to give an essential measure of repose to actions taken against public bodies." Tri-State Ship Repair & Dry Dock Co. v. City of Perth Amboy, 349 N.J. Super. 418, 423 (App. Div. 2002) (quoting Washington Twp. Zoning Bd. of Adj. v. Washington Twp. Planning Bd., 217 N.J. Super. 215, 225 (App. Div. 1987)).

The Initial Complaint was timely filed, forty-four days after public notice of the Vista project. However, even assuming the time period tolled on the date of filing of the Initial Complaint and resumed after entry of the dismissal order, Schorr waited another eighty-four days, after the entry of the dismissal order, to file the New Complaint. His delay nearly doubles the Rule's forty-five-day requirement, solely in the time after dismissal.

The motion judge and Vista's counsel anticipated the New Complaint would take "additional time" to file. Indeed, we recognize Schorr filed the Initial Complaint with only one day remaining under the Rule, the resultant dismissal left him little or no time to file anew. Therefore, a reasonable amount of additional time was necessary to allow for the filing of the New Complaint. However, we conclude Schorr's additional eighty-four-day delay was inordinate. To countenance such a late filing would frustrate the design of the Rule, "to give an essential measure of repose to actions taken against public bodies." Tri-State

9

Ship, 349 N.J. Super. at 423. In filing his New Complaint eighty-four days after dismissal of his Initial Complaint Schorr violated the Rule. Therefore, his complaint is barred.

B.

Schorr argues that the Board member's question regarding the salvage of iron fencing rises to the level of a conflict of interest. This argument is misguided.

A claim alleging a conflict of interest on the part of a board member is an important public interest that may warrant enlargement under Rule 4:69-6(c). See Haggerty v. Red Bank Borough, 385 N.J. Super. 501, 511 (App. Div. 2006). However, Schorr explains that he "raises the issue of a [c]onflict of [i]nterest[,] not to ask for an enlargement[ of the forty-five-day period under Rule 4:69-6(c)], but to seek reversal of the [Board's] decision."

Therefore, Schorr's conflict of interest argument goes to the merits of the Board's approval. In challenging the merits Schorr must comply with Rule 4:69-6(a)(3). Since we conclude Schorr failed to comply with Rule 4:69-6(a)(3), his conflict of interest argument is barred. See Matter of Borough of Englewood Cliffs, 473 N.J. Super. 189, 205 (App. Div. 2022) (holding the Borough was

time barred by <u>Rule</u> 4:69-6 from asserting a conflict of interest in challenging its own action in approving settlements).

C.

Schorr argues the motion judge erred in "dismissing the request to permit the entry of default against the . . . Board after stating on the record that they had not filed responsive pleadings." We disagree.

Our conclusion that Schorr's New Complaint was filed untimely applies equally to Vista and the Board. We agree with the motion judge that to allow a futile entry of default would be a waste of judicial and public resources.

<u>Rule</u> 1:1-2 provides:

> The rules . . . shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. . . . [A]ny rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. In the absence of rule, the court may proceed in any manner compatible with these purposes and, in civil cases, consistent with case management/trial management guidelines set forth in Appendix XX of these rules.

11

Here, Schorr was provided with a full and complete opportunity to argue the merits of the timeliness of his filing. Therefore, we conclude the dismissal as to all defendants, including the Board, was appropriate.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3938-21